In Equity.

GEORGE F. WHITING, NANCY T. SLEEPER, Admx., AND DAVID N. MORTLAND, Admr.

*vs.*

LUCY C. FARNSWORTH, Admx.

Knox.    Opinion October 9, 1911.

*Descent and Distribution. Surviving Husband. Executors and Administrators. Administration. Statute, 1905, chapter 124, sections 86, 87. Revised Statutes, chapter 8, section 69; chapter 67, section 21.*

Shortly before her death, without issue and intestate, a wife delivered to her husband certain bags containing money, jewelry and other property of her own, also containing property that belonged to him. After her death the husband delivered the bags and all of the contents to one of the plaintiffs. Assuming, as is claimed, that he intended thereby to make a gift of the property, it is *held* : —

1. That the husband had neither legal nor equitable title to the property which had belonged to the wife, but only a statutory right to have one-half of the net avails of it, after administration, distributed to him.

2. That the attempted gift transferred neither legal nor equitable title, and was inoperative and void, and that, being void, equity cannot interpose to make it good, or enforce it.

3. In relation to estates where collateral heirs are entitled to distribution, the statutes, R. S., chapter 8, section 69, and Laws of 1905, chapter 124, sections 86, 87, relating to collateral inheritance taxation contemplate that they must and will be duly administered.

In equity.    On report.    Bill dismissed.

Bill in equity brought by "George F. Whiting of Malden in the Commonwealth of Massachusetts, Nancy T. Sleeper of Rockland, Knox County, Maine, ancillary administratrix on the estate of Isabella A. Martin, deceased, late of Minneapolis in the State of Minnesota and David N. Mortland of said Rockland, administrator on the estate of Helen A. Farnsworth late of said Rockland deceased, against Lucy C. Farnsworth of said Rockland, administratrix with

the will annexed on the estate of James R. Farnsworth, late of said Rockland, and now sole heir of said James R. Farnsworth, and Mary C. Farnsworth and Josephine L. Rollins," and relating to the estates of the said Helen A. Farnsworth and James R. Farnsworth. An answer was filed by the said Lucy C. Farnsworth, administratrix, and the plaintiffs filed a replication. At the conclusion of the evidence the case was reported to the Law Court for determination.

The case is stated in the opinion.

NOTE. See *Farnsworth* v. *Whiting*, 104 Maine, 488, *Farnsworth* v. *Whiting*, 106 Maine, 430, and *Farnsworth* v. *Whiting*, 106 Maine, 543.

*David N. Mortland, and Rodney I. Thompson,* for plaintiffs.

*Heath & Andrews, J. H. Montgomery, and L. F. Starrett,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, BIRD, HALEY, JJ.

SAVAGE, J. James R. Farnsworth and Helen A. Farnsworth were husband and wife. Mrs. Farnsworth died May 5, 1905, without issue, intestate. Shortly before her death, she delivered to her husband certain bags, containing money, jewelry, bonds and corporate stock of her own, of the value of about $16,000, with which were intermingled bonds and other personal property which belonged to Mr. Farnsworth. On the day after her death, Mr. Farnsworth delivered the bags and all the contents to the plaintiff Whiting, and it is claimed that he thereby intended to make a gift of the same, to be divided equally between Whiting and a Mrs. Martin. Whiting and Mrs. Martin were the brother and sister, and only heirs of Mrs. Farnsworth. Mr. Farnsworth died two or three days later.

The plaintiffs are the donee, Whiting, and the administrator of the estate of Mrs. Martin, with whom is joined the administrator of the estate of Mrs. Farnsworth. The defendant is the administratrix of the estate of Mr. Farnsworth.

Mr. Whiting and Mrs. Martin retained the property until after Mr. Farnsworth died, and when the administrator of Mrs. Farnsworth's estate was appointed, it was entrusted to his custody and keeping, and so far as appears he still retains it. Being "uninformed and unaware of the gift and delivery of said personal property, or of the validity thereof, or that Mr. Farnsworth had given away his heirship and interest in the property aforesaid," as is alleged in the bill and admitted by the answer, the administrator caused the property to be inventoried and appraised as a part of Mrs. Farnsworth's estate, and settled an account. Partial distribution was ordered, one-half to the plaintiffs, Whiting and Martin, and one-half to the heirs of Mr. Farnsworth.

The bill alleges that the decree of distribution was erroneous, in that distribution should have been ordered to the administratrix of Mr. Farnsworth's estate, instead of to his heirs, and also that "it should have taken into account the property so given as aforesaid, and distinguished the particular property from which distribution was made, and have designated the real owners thereof." It is further alleged and admitted that the administrator filed a petition in the probate court reciting the foregoing facts and praying that the former order of distribution be revoked, and that a new order of distribution be made "in accordance with the facts and law, so as to protect the rights and interest of the real owners of said property and all parties interested therein." Upon this petition, after notice and hearing, the former decree was annulled, but no further order was made.

The prayer of the bill is (1) that the court will determine the title to the personal property and decree that it belonged to Mr. Whiting and Mrs. Martin by reason of a gift, and that Mr. Farnsworth had no interest therein after the gift; and (2) that the court will order the said probate court to order and decree the payment and distribution of said personal property as set forth in the petition to the probate court.

We have set forth the history of the proceedings at greater length than would otherwise be necessary for the purpose of avoiding any misconstruction in regard to the remedy which the plaintiff seeks.

Since the property is in the possession of the plaintiffs, or some of them, and since this court has no jurisdiction in a proceeding like this, over the probate court, and cannot here determine whether the probate decree asked for is the appropriate one to straighten out the alleged erroneous account, it may well be doubted whether the plaintiffs have any remedy in equity upon the allegations of the bill.

But since the case comes up on report, and no point has been made of want of sufficient allegations or appropriate prayer, we will examine the merit of the plaintiffs' contention, which, as we understand it, is this.    Conceding that Mr. Farnsworth did not have a legal title to the personal property which had belonged to his wife, and could not transfer a legal title by gift, yet the plaintiffs claim, to put it as strongly as we can, that if Mr. Farnsworth in form made a gift of his wife's property to them, that is, delivered it to them with the intention of giving it, he vested in them an equitable interest in the property itself, an interest which equity will take cognizance of and protect.    And the argument is this:—that Mr. Farnsworth had an interest in the things given, because out of them, after administration, would come his distributive share in his wife's estate, that he could give away that interest, and that by giving the things themselves, while he transferred no legal title or interest, he did create an equitable title and interest in the donees.    Hence equity should afford a remedy.

For the purposes of our examination we assume, as the plaintiffs claim, that Mr. Farnsworth delivered to the supposed donees the property that had belonged to Mrs. Farnsworth with the intention to make a gift of it, just as we held in *Farnsworth* v. *Whiting*, 106 Maine, 430, that he gave away his own property contained in the same bags.

We are not now concerned with Mr. Farnsworth's power to assign his distributive share, by way of gift or otherwise; nor with the fact that, in the course of administration, these specific things, or some of them, might have been distributed to him, R. S., ch. 67, sect. 21; nor, for reasons stated later, with the fact that those who were entitled to distribution might have distributed it among

themselves by mutual agreement, without administration, as is sometimes done, so that the specific things might have come to him, with a title good, at least, by waiver or estoppel, against the others. Nor is it relevant that if he were the sole distributee, the court would not take the things from him for the purpose of administration, unless there was a necessity for administration.

The naked question is,—Did Mr. Farnsworth have any interest, legal or equitable, in the property itself, which he could transfer by gift of the property? As we have already said, it is conceded in argument that he did not have any legal title, and could not transfer a legal title. And such is the law. Upon the death of an intestate the title to his real estate passes directly to his heirs, subject to being taken for the payment of debts. The title to his personal property vests in his administrator, when appointed, and the vesting relates back to the time of his death. His widow and heirs have, as distributees, merely a vested right to the distribution of so much of the personal estate as remains after administration. *Dalton* v. *Dalton*, 51 Maine, 170; *Grant* v. *Bodwell*, 78 Maine, 460.

Mr. Farnsworth, therefore, did not have the legal title to the things which he attempted to give away, and having no legal title, he could transfer none. All that he had was a statutory right to have one-half of the net avails of it, after administration, distributed to him. That right he might have assigned, but did not. Moreover, to constitute a gift, delivery is necessary, and delivery by one who has a right to deliver. To be sure, Mr. Farnsworth had the possession of the property, but his only legal possession was no more than that of a mere depositary, to hold until an administrator should be appointed. He had no other right of possession. He had no other right of dominion or control. And he could transfer by delivery no greater right than he himself had. A gift involves the transfer of the absolute right of possession and dominion to the donee. In attempting to give away his wife's estate, Mr. Farnsworth attempted to do what he had no power to do. He had no power to make such a transfer of possession as is essential to a gift. His was not merely the imperfect execution of a

personal power or right, it was an act in excess of power, and without power.    Therefore it was inoperative and void.    It transferred neither legal nor equitable title.    Not having a legal, nor an equitable title, Mr. Farnsworth could not by an attempted gift create an equitable title in the donees.    There was nothing in it which equity could aid.    Being void in law, equity cannot interpose to make it good or enforce it.    *Baltimore &c. Brick Co.* v. *Mali*, 65 Md. 93.    See note to *Re Crawford et als.*, 5 L. R. A. 72.

It is necessary to notice one other point.    It is admitted that Mr. Farnsworth left no debts.    Hence it is contended that there was no necessity for administration, and that when all the distributees have agreed upon a distribution without administration, the court will not disturb their arrangement for the mere purpose of a formal administration.    And there is much authority for this position.    And if a division in such case among distributees is to be upheld, there seems to be no good reason why an agreement that one or more should have all the personal property, accompanied by delivery, should not be equally effective.

However, there are two answers to the plaintiffs' contention.    One is that it states no ground for equitable cognizance, and therefore does not help to sustain this bill.    The other answer is that whatever the rule may be as to the necessity of administration under other conditions, in this State, in cases of estates such as Mrs. Farnsworth's estate is, where collateral heirs are entitled to distribution, the statutes relating to collateral inheritance taxation contemplate that they must and will be duly administered.    R. S., ch. 8, sect. 69 ; Laws of 1905, ch. 124, sects. 86, 87.    In case of such estates, administration is a necessity.

We are unable to discover any ground upon which the plaintiffs are entitled to equitable relief.    Therefore the certificate will be,

*Bill dismissed with costs.*