**Manassas**

ARMADA, INC., et al.

v.

SARA LUCAS, WIDOW OF ERIC D. LUCAS
(DECEASED)

No. 1052-85

Decided June 17, 1986

COUNSEL

Susan A. Evans (Siciliano, Ellis, Dyer & Boccarosse, on brief), for appellants.

Christopher Paul Schewe, for appellee.

OPINION

**DUFF, J.**—Eric D. Lucas died on August 1, 1984, as the result of an industrial accident arising out of and in the course of his employment. His employer appeals from an award of the Industrial Commission, in which one commissioner dissented, finding that Sara Lucas was dependent upon her husband at the time of his death and awarding her benefits pursuant to Code § 65.1-66.

There are two questions to be answered in this appeal. First, does the so-called "Deadman's Statute," Code § 8.01-397, apply in hearings before the Industrial Commission? The Commission held that the section does not apply. We agree. Second, did the evidence show, within the meaning of Code § 65.1-66, that Sara Lucas was dependent upon her husband at the time of his death? The Commission held that it did. We disagree and reverse.

## I.

Sara and Eric Lucas were married in 1974 and separated on November 1, 1980. No children were born of the marriage. After the separation, there was no further cohabitation; no written agreements were executed concerning spousal support; and no divorce proceedings were initiated. From the time of the separation until her husband's death, Mrs. Lucas worked at Blue Cross-Blue Shield. At the time of the hearing before the deputy commissioner, her salary was $17,000 per year. Soon after the separation,

Mrs. Lucas moved in with her father, and Mr. Lucas moved in with a woman, Mrs. Yvonne Nelson, and her three children.

Mr. and Mrs. Lucas had been experiencing financial problems, and in September 1980, two months before their separation, they entered into an agreement with the Internal Revenue Service for the payment of joint taxes that were in arrears. In October 1980, they sought debt counseling and entered into an agreement with the Consumer Credit Counseling and Education Service of Greater Washington by which a portion of their joint income was to be paid to the service and applied to their numerous debts. Mr. Lucas never made the required payments. In February 1981, Mrs. Lucas instituted bankruptcy proceedings. During the forty-six months from the separation until his death, Mr. Lucas made no monthly or other regular periodic payments to Mrs. Lucas.

The evidence on which Mrs. Lucas relies in support of her claim of dependency is that after the separation, the deceased allowed her to use a car that was titled in his name and later, transferred the title to her name; that occasionally he paid auto repair bills; and that sometimes he bought her lunch. Mrs. Lucas testified that occasionally Mr. Lucas gave her money when she needed it. When asked the amount she received each year, she was unable to provide a definitive answer.

## II.

The initial issue presented is whether the "Deadman's Statute," Code § 8.01-397[1] applies to workers' compensation cases. The employer argues that the uncorroborated portion of Mrs. Lucas' testimony was inadmissible under the statute. The full Commission, including the dissenting commissioner, held that the statute is inapplicable. We agree.

---

[1]  § 8.01-397. Corroboration required and evidence receivable when one party incapable of testifying.—In an action by or against a person who, from any cause, is incapable of testifying, or by or against the committee, trustee, executor, administrator, heir, or other representative of the person so incapable of testifying, no judgment or decree shall be rendered in favor of an adverse or interested party founded on his uncorroborated testimony; and in any such action, whether such adverse party testifies or not, all entries, memoranda, and declarations by the party so incapable of testifying made while he was capable, relevant to the matter in issue, may be received as evidence in all proceedings including without limitation those to which a person under a disability is a party.

By its terms, the statute applies to an "action" and further prohibits a "judgment or decree" from being rendered. Code § 8.01-2 defines the word "action":

"Action" and "suit" may be used interchangeably and shall include all civil proceeding whether at law, in equity, or statutory in nature and whether in circuit courts or district courts.

It has long been held that the Workers' Compensation Act should be liberally construed to attain its humanitarian end. *A. Wilson & Co.* v. *Matthews*, 170 Va. 164, 167-68, 195 S.E. 490, 491 (1938). Rule 1 of the Industrial Commission, enacted pursuant to Code § 65.1-18, provides in part:

A hearing held by the full Commission, a Commissioner, or Deputy Commissioner shall be conducted as a judicial proceeding in that all witnesses shall testify under oath, and a record of the proceedings shall be made. The Commission *will not be bound by statutory or common-law rules of pleading or evidence*, nor by any technical rules of practice in conducting hearings, but will conduct such hearings and make such investigations in reference to the questions at issue in such manner as in its judgment are held adapted to ascertain and deterine expeditiously and accurately the substantial rights of the parties and *to carry out justly the spirit of the Workmen's Compensation Act*; and to that end, hearsay evidence may be received.

(emphasis added).

We hold that Code § 8.01-397 is an evidentiary rule inapplicable to hearings before the Industrial Commission. Therefore, the issue whether the Commission properly considered the uncorroborated portions of Mrs. Lucas' testimony is answered in the affirmative.

### III.

Turning to the second issue presented, Code § 65.1-66 defines persons who are conclusively presumed to be wholly dependent. The first such person is "[a] wife upon a husband whom she

had not voluntarily deserted or abandoned at the time of the accident or with whom she lived at the time of his accident, if she is then *actually* dependent upon him." Code § 65.1-66(1) (emphasis added).

In *Caudle-Hyatt, Inc.* v. *Mixon*, 220 Va. 495, 260 S.E.2d 193 (1979), the claimant testified that her deceased husband had helped her buy a new home, that they had co-mingled their funds, and that his salary had enabled her to raise her standard of living. The court held that dependency had been established and stated that a widow need not establish total dependency in order to claim benefits under the act. The presumption of Code § 65.1-66 arises once actual dependency, even though only partial, has been established. She must, however, establish that she *relied* on the decedent's contributions as a means of support in accordance with her accustomed lifestyle. *Id.* at 499, 260 S.E.2d at 195.

In *Miller & Long Co.* v. *Frye*, 215 Va. 591, 212 S.E.2d 258 (1975), a deceased son had lived at his parents' home with his other brothers and sisters. The evidence showed that the deceased had contributed to the family's groceries, telephone bills, gasoline, etc. In reversing the Commission's finding of partial dependency, the Supreme Court noted that the evidence failed to show the claimant's reliance on the deceased's contributions and stated:

> The employee must have contributed with *some degree of regularity*, and such contributions must have been relied upon by the claimant for reasonable necessaries consistent with his or her station in life.

*Id.* at 594, 212 S.E.2d at 260 (quoting *Glassco* v. *Glassco*, 195 Va. 239, 243, 77 S.E.2d 843, 845 (1953)) (emphasis added).

A careful review of the record satisfies us that the evidence in this case does not meet the criteria for partial dependency as set forth by the Supreme Court in *Caudle-Hyatt* and *Frye*. It is clear that there was no written agreement between the parties calling for support. The few instances where Mr. Lucas gave Mrs. Lucas money occurred when she asked him for it. Mr. Lucas made no contributions with any degree of regularity, upon which Mrs. Lucas could have relied. She was employed full time and assisted in the support of her father. We hold that there was no credible evidence upon which the Commission could have relied in finding

that Mrs. Lucas was actually dependent upon her husband.

Accordingly, the award appealed from is

*Reversed.*

Keenan, J., and Cole, J., concurred.