## Salem

COMER C. MUSICK

v.

CODELL CONSTRUCTION COMPANY

No. 1211-86

July 21, 1987

COUNSEL

Lawrence L. Moise III (Robert Austin Vinyard, on brief), for appellant.

Michael F. Blair (Penn, Stuart, Eskridge & Jones, on brief), for appellee.

OPINION

**COLEMAN, J.** — Comer Musick appeals from an Industrial Commission order which dismissed his claim for compensation for pneumoconiosis based on the failure to file a claim within the five-year limitation period of Code § 65.1-52. Musick contends that Code § 8.01-229(E)(1) tolled the running of the statute of limitations during the time period he had previously filed applications, thus making this application timely. We disagree and find that Musick's claim is barred.

On October 10, 1985, Musick initially filed by certified mail an application for a hearing with the commission. That application, which purportedly alleged pneumoconiosis, apparently never reached the commission, and the postal return receipt card was not returned to Musick's counsel. A second application was filed with the commission on January 21, 1986, and a hearing was scheduled for May 6, 1986. Prior to that hearing, the Industrial Commission ordered Musick to answer defense interrogatories within fourteen days. Musick failed to timely respond to the interrogatories and, upon defense counsel's motion, the claim was dismissed without prejudice on May 6, 1986. Musick filed another application for a hearing on May 23, 1986. The employer moved to dismiss on the ground that Musick last worked for Codell Construction Company on March 26, 1981, and therefore the application was not timely because more than five years had elapsed since the last injurious exposure. *See* Code § 65.1-52. On review the full commission affirmed the dismissal granted by the deputy commissioner.

Musick contends that the commission erred in dismissing his claim because, applying Code § 8.01-229(E)(1),[1] his January 21,

---

[1] Code § 8.01-229(E)(1) reads: Except as provided in subdivision 3 of this subsection, if any action is commenced within the prescribed limitation period and for any cause

1986, application tolled the running of the statute of limitations during the sixty-four days the claim was pending between filing and dismissal. He further alleges that because his May 23, 1986, application was filed within sixty-four days of the dismissal of the previous application it was timely.

The dispositive issue is whether Code § 8.01-229(E)(1) applies to workers' compensation cases. We find that it does not and affirm the commission's decision.

By its terms, Code § 8.01-229(E)(1) applies to "actions" which abate or are dismissed without prejudice. Code § 8.01-2 defines "action" as it is used in Title 8.01:

> "Action" and "suit" may be used interchangeably and shall include all civil proceedings whether at law, in equity, or statutory in nature and whether in circuit courts or district courts.

A claim under the Workers' Compensation Act is not an "action" within the meaning of Title 8.01. "Actions," as defined in Title 8.01, are limited to judicial proceedings in the district or circuit courts and do not include administrative or Industrial Commission proceedings. *See Armada, Inc. v. Lucas*, 2 Va. App. 414, 417, 345 S.E.2d 14, 16 (1986). Therefore, Code § 8.01-229(E)(1) does not toll the running of the statute of limitations on claims made under the Workers' Compensation Act.

Because the filing of a claim within the limitation period of Code § 65.1-52 is jurisdictional, *Anderson v. Clinchfield Coal Co.*, 214 Va. 674, 675, 204 S.E.2d 257, 258 (1974), Musick's failure to file within five years of his last injurious exposure bars his claim. The Industrial Commission's decision is therefore affirmed.

*Affirmed.*

Koontz, C.J., and Benton, J., concurred.

---

abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.