## CIRCUIT COURT OF FAIRFAX COUNTY

Rees, Broome & Diaz, P.C.

v.

James Howard

November 4, 1992

Case No. (Law) 118149

BY JUDGE THOMAS S. KENNY

This case is before the Court on three of the plaintiff's motions: Motion to Compel Answers to Interrogatories, Motion to Compel Production of Documents, and Motion to Deem Admitted Defendant's Answers to Plaintiff's Requests for Admissions 11 through 58. The plaintiff also asks for attorneys fees and expenses. Oral arguments were not heard, the matter having been submitted solely on written memoranda. For the reasons set forth below, Plaintiff's Motion to Compel Interrogatories is denied, Plaintiff's Motion to Deem Admitted Defendant's Answers to Plaintiff's Requests for Admissions 11 through 58 is granted, and Plaintiff's Motion to Compel Production of Documents is granted in part, denied in part. The request for attorneys fees and expenses is denied.

The events giving rise to this litigation are provided in the plaintiff's Motion for Judgment. In March of 1988, the defendant, James Howard, retained the plaintiff, Rees, Broome & Diaz, P.C., to represent the defendant in divorce proceedings. The plaintiff claims in the Motion for Judgment that the parties entered into a written contract for representation in the divorce proceedings and subsequent oral contracts concerning other legal matters. By failing to pay the plaintiff sums reflected in bills submitted to the defendant for legal services rendered, the plaintiff avers that defendant breached the contract and the oral agreements. The plaintiff seeks $95,270.67 in damages.

The plaintiff's Motion to Compel Answers to Interrogatories contends that the defendant's answers to interrogatories have been incomplete and evasive. Based on Rule 4:12(a)(3) of the Rules of the

Virginia Supreme Court, the plaintiff asks that defendant be compelled to adequately answer the questions posed in the Interrogatories. Plaintiff merely attached copies of the interrogatories and responses to its motion with a general statement that the responses were incomplete and evasive but without anything more than that. The Court declines the implied invitation to sift through this material and to try to guess *which* answers were objectionable and *why*. The plaintiff must identify the specific questions not adequately responded to by the defendant and detail why the defendant's response is insufficient in order to be granted relief. Accordingly, this motion is denied in its entirety with leave to re-file in more appropriate form.

The plaintiff's Motion to Deem Admitted Defendant's Answers to Plaintiff's Requests for Admissions 11 through 58 claims that defendant's answers to those Requests for Admissions have been evasive and incomplete. Based on Rule 4:12(a)(3) of the Rules of the Virginia Supreme Court, the plaintiff asks that these admissions be deemed admitted since they were not property denied. The defendant in his response does not deny that the bills referenced in the Request for Admissions were bills sent to him by the plaintiff; the defendant only disputes whether the bills are due and owing. Therefore, this motion is granted and these requests are deemed admitted since they only concern whether the bill is a true bill, which is not disputed by the defendant.

Finally, the plaintiff claims that the defendant has failed to produce any of the documents requested by plaintiff's Requests for Production of Documents. This motion is granted as to requests 1, 7, and 8 and denied as to requests 2, 3, and 4. Requests 5 and 6 are also denied since these documents are not discoverable.