DIANA G. THARP

and

JAMES L. THARP

v.

CITY OF NORFOLK

No. 1722-93-1

Decided February 14, 1995

654

COUNSEL

Steven C. Frucci (William P. Williams; Evans, Williams & Levinson, on brief), for appellants.

Cynthia B. Hall, Assistant City Attorney (Philip R. Trapani, City Attorney, on brief), for appellee.

OPINION

**BENTON, J.**—James L. Tharp, a firefighter employed by the City of Norfolk, died on April 11, 1992. The City of Norfolk contested Diana G. Tharp's claim for dependent benefits because, although Ms. Tharp and the decedent were married at the time of the decedent's death, they had separated and appeared to be financially independent of each other. Ms. Tharp appeals from the Workers' Compensation Commission's findings that she was not dependent upon her deceased husband at the time of his death, Code § 65.2-515, and, therefore, was not entitled to dependent benefits. She contends that because the evidence proved the decedent contributed money to her on a regular basis, she established partial dependency upon the decedent. We affirm the commission's finding that she failed to meet her burden of proof.

The evidence proved that Ms. Tharp and the decedent married in 1988. They lived in a house that the decedent had purchased several years prior to their marriage. During their marriage, Ms. Tharp never acquired any formal legal interest in the property. On November 18, 1991, Ms. Tharp left home because she and the decedent were having marital difficulties.

Ms. Tharp and her friend, Lori Richards, leased an apartment together the day Ms. Tharp left home. The lease term began No-

vember 18, 1991, and ended November 30, 1992. Richards testified that her living arrangements with Ms. Tharp were only temporary and that she knew Ms. Tharp would be moving back into her husband's home. Ms. Tharp took only a spare bed and her clothes to the apartment, leaving her other belongings at the marital home. Ms. Tharp retained her marital home address on her driving, employment, and financial records.

Ms. Tharp testified that her absence was temporary. The separation was never formalized by any legal agreement. She also testified that during the separation, she and the decedent continued to hold themselves out to the public as husband and wife. She testified that they remained sexually monogamous and saw each other frequently. She said they spoke almost daily on the telephone.

The evidence also proved that prior to their marriage Ms. Tharp had a credit union checking account and the decedent had a bank checking account, both of which were changed to joint accounts after their marriage. During the separation, Ms. Tharp used the credit union account to pay for her rent, food, clothes, and other personal expenses. The decedent used the bank account to pay for all of his personal expenses, including food, utilities, and the mortgage on his home. Their individual paychecks were each directly deposited into those respective accounts.

Ms. Tharp's salary totaled $23,262 in 1991. The decedent's salary was $28,792. Although their payroll checks were not deposited to one account, Ms. Tharp testified that the couple continued to commingle their incomes during the separation. She produced canceled checks signed by her upon the decedent's bank account; however, the checks were drawn prior to the separation.

Bubba Walters, a friend of the decedent's, testified that the decedent told him on the day prior to his death that the relationship between the decedent and his wife was "going real good." Walters corroborated Ms. Tharp's testimony that she and the decedent met on a regular basis and talked on the telephone every day. He testified that the decedent "helped [Ms. Tharp] out with the bills and . . . would give her money on a regular basis." Walters admitted, however, that he did not know how much money the decedent gave to his wife and could not identify any specific times or instances the decedent contributed money to her.

On this evidence, the deputy commissioner found that Ms. Tharp was a dependent of the decedent and was entitled to death benefits pursuant to Code §§ 65.2-512 and 65.2-515. The deputy commissioner specifically found that Ms. Tharp, Walters, and Richards were all credible witnesses and accepted their testimony in all respects. The commission reversed the deputy commissioner's award. The commission found that Ms. Tharp failed to meet her burden of proving by a preponderance of the evidence that she was actually dependent upon the decedent at the time of his death.

■ In reviewing this appeal, we are guided by several well established principles. We must review the evidence in the light most favorable to the prevailing party. *R.G. Moore Bldg. Corp. v. Mullins*, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Furthermore, factual findings of the commission will be upheld on appeal if supported by credible evidence. Code § 65.2-706; *see also James v. Capitol Steel Constr. Co.*, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." *Wagner Enters. v. Brooks*, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

■ For purposes of determining death benefits, Code § 65.2-515 defines those persons conclusively presumed to be dependent for support upon a decedent. A wife is conclusively presumed dependent upon a deceased husband whom she has not "voluntarily deserted or abandoned at the time of the accident or with whom she lived at the time of his accident, if she is then actually dependent upon him." Code § 65.2-515(A)(1). "[T]he conclusive presumption of [the statute] arises once actual dependency, even though only partial, has been established." *Caudle-Hyatt, Inc. v. Mixon*, 220 Va. 495, 499, 260 S.E.2d 193, 195 (1979).

■ The crucial inquiry is whether Ms. Tharp's evidence proved actual dependency upon the decedent for support even though she and the decedent had separated and were living apart when he died. The City does not argue that Ms. Tharp either abandoned or deserted her husband. Thus, to show actual dependency, Ms. Tharp had to prove that the decedent "contributed [money to her] with some degree of regularity and such contributions must have been relied upon by [her] for reasonable necessaries consistent with . . . her station in life." *Glassco v. Glassco*, 195 Va. 239, 243,

77 S.E.2d 843, 845 (1953).

The evidence proved that Ms. Tharp provided for all of her financial needs during the separation. Furthermore, she never proved her generalized assertion that on a regular basis during the separation the decedent gave her money. She testified that they commingled their incomes during the separation period; however, none of the evidence in the record indicated that they shared their incomes. The decedent's pay was deposited to the bank account that he used to pay his expenses. Likewise, Ms. Tharp's pay was deposited to her credit union account that she used to pay her expenses. None of the checks drawn on either account showed that the decedent wrote a check to her, for her benefit, or for a joint expense. No evidence proved that the decedent paid any debt for which Ms. Tharp was responsible.

The only evidence that the decedent contributed to his wife's support is Walters' testimony that the decedent gave money to her on a "regular basis." The commission, however, found this testimony to be unreliable because Walters admitted that he knew nothing about the amount of money, the times the decedent gave the money, or the circumstances under which the decedent gave money to Ms. Tharp. The commission was entitled to discount Walters' testimony, not because it lacked credibility (the deputy commission found Walters to be credible), but because in its entirety it manifested his lack of knowledge. Thus, in making its determination of the weight to give Walters' testimony, the commission did not arbitrarily disregard the deputy commissioner's finding. *See Goodyear Tire & Rubber Co. v. Pierce*, 5 Va. App. 374, 382, 363 S.E.2d 433, 437 (1987).

Ms. Tharp's argument that her case is analogous to *Mixon*, 220 Va. 495, 260 S.E.2d 193 (1979), and requires a finding that she has established dependency upon the decedent is unpersuasive. In *Mixon*, the employer argued that because Mixon's widow was capable of supporting herself with her teaching salary without any help from Mixon and was financially independent, she was not dependent upon Mixon for support. The Supreme Court of Virginia noted that the Mixons had commingled their funds, that they purchased a home together, and that Mixon's salary "enabled them to 'live a little bit above' the standard of living otherwise attainable." *Id.* at 499, 260 S.E.2d at 195. That evidence was sufficient to demonstrate partial dependence. *Id.*

Ms. Tharp argues that she, too, relied upon the decedent to support a standard of living "a little bit above" the standard she could not otherwise attain herself. But unlike Ms. Tharp, Mixon's widow proved that she lived with Mixon at the time of his death, commingled her funds with his to purchase a new home, and otherwise commingled their funds until his death. *Id.* Ms. Tharp's evidence proved no joint debts, proved no commingling of funds, and proved her financial independence from the decedent at least from the date of their separation, five months before the decedent's death.

In a case that also involved married persons who had separated and were living apart when the decedent died, this Court ruled that proof of the decedent's occasional payments of funds to his wife was not sufficient to prove dependency. *Armada, Inc. v. Lucas*, 2 Va. App. 414, 418, 345 S.E.2d 14, 16-17 (1986). As in *Lucas*, Ms. Tharp failed to provide a definitive answer to questioning regarding the amount of money she received during the separation. *Id.* at 416, 345 S.E.2d at 15. Ms. Tharp and Walters gave only generalized testimony that the decedent gave his wife money on a regular basis. However, she failed to prove a single instance of a contribution by the decedent.

Thus, we hold that credible evidence supports the commission's finding that Ms. Tharp did not prove by a preponderance of the evidence that she was financially dependent upon the decedent at the time of his death. Accordingly, we affirm the commission's denial of an award of benefits.

*Affirmed.*

Willis, J., and Bray, J., concurred.