COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Elder
Argued at Richmond, Virginia


THOMAS REFUSE SERVICE AND
 LIBERTY MUTUAL INSURANCE COMPANY
                                          OPINION BY
v.    Record No. 1655-98-2          JUDGE SAM W. COLEMAN III
                                          JUNE 8, 1999
KENDELL M. FLOOD, MICHELE FLOOD,
 JAMAAL SHANNON MITCHENER AND
 KENDELL TYRONE FLOOD


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                R. Ferrell Newman (Anne M. Dobson; Thompson,
                Smithers, Newman & Wade, on brief), for
                appellants.

                Louis D. Snesil (Louis D. Snesil, P.C., on
                brief), for appellees.


     In this Workers' Compensation Commission appeal, we consider

the application of Code § 65.2-511 to a deceased employee who was

under an award for temporary total incapacity when he died from

unrelated causes.  Specifically, we determine whether an

employee's statutory dependents are entitled to claim the

employee's scheduled permanent partial loss benefits under Code

§ 65.2-503(B) for loss of an arm and a leg, when the deceased

employee was still under an award for temporary total incapacity

and had claimed neither permanent total nor permanent partial

incapacity before his death.  We hold that the Workers'

Compensation Commission did not err by awarding the scheduled

benefits to the employee's statutory beneficiaries.  Therefore, we affirm the award.

BACKGROUND

Kendell Flood suffered a compensable injury in a work-related automobile accident rendering him a quadriplegic.  The Workers' Compensation Commission granted him temporary total incapacity benefits.  Although eligible for permanent total incapacity benefits under Code § 65.2-503(C) for the loss of both arms and both legs, Flood never claimed those benefits and was under the temporary total incapacity award at the time of his death.  When Flood died from unrelated causes, his statutory dependents filed a claim under Code § 65.2-511 for permanent partial loss benefits based on Flood's 100% loss of use of his four extremities.  See Code § 65.2-503(B).  The commission determined that prior to his death, Flood was eligible under Code § 65.2-503(B) for permanent partial loss benefits and therefore, the remaining 148.71 weeks of benefits to which Flood would have been entitled survived his death under Code § 65.2-511.  Accordingly, the commission awarded the statutory dependents 148.71 weeks of benefits.

Thomas Refuse Service (employer) asserts that due to the severity of his injury, Flood was never entitled to permanent partial loss benefits under Code § 65.2-503(B), which was the basis for the commission's award.  Employer contends that because Flood met the criteria for permanent and total incapacity under Code § 65.2-503(C), he did not qualify for scheduled benefits

-

under Code § 65.2-503(B).  Employer contends Code § 65.2-503(C) would require compensation to be awarded to Flood pursuant to Code § 65.2-500; thus, under Code § 65.2-500(D), his benefits would have been limited to his lifetime and his dependents have no claim to assert.

ANALYSIS

The commission's conclusions of law are not binding on this Court.  See Robinson v. Salvation Army, 20 Va. App. 570, 572, 459 S.E.2d 103, 104 (1995).  However, the commission's construction of the Workers' Compensation Act is entitled to great weight on appeal.  See Wiggins v. Fairfax Park Ltd., 22 Va. App. 432, 441, 470 S.E.2d 591, 596 (1996).

In pertinent part, Code § 65.2-511 provides as follows:

> When an employee received or is entitled to compensation under this title for an injury covered by § 65.2-503 and dies from a cause other than the injury for which he was entitled to compensation, payment of the unpaid balance of compensation shall be made to his statutory dependents under this chapter, in lieu of the compensation the employee would have been entitled to had he lived.

Code § 65.2-511 (emphasis added).

Code § 65.2-511 includes claims under Code § 65.2-503 for "scheduled" benefits to which a claimant "is entitled" prior to death even though benefits had not been actually awarded under Code § 65.2-503.  See, e.g., Jarvis v. Gale, 20 O.I.C. 310, 312 (1938) (holding that dependents could claim employee's scheduled

-

benefits for partial disability even though employee had made no efforts to claim them before he died).  Accordingly, if Code § 65.2-503 entitled Flood to "scheduled" benefits prior to his death, his dependents are entitled to those benefits under Code § 65.2-511.

The employer claims that Flood would have been entitled to permanent total disability benefits which would have ceased at death, not "scheduled" benefits for loss of use of specific members.  Code § 65.2-503 addresses, among other matters, compensation for "scheduled" benefits for permanent partial and permanent total loss or loss of use of members.  Code § 65.2-503(B) lists the scheduled benefits due for loss or loss of use of each member.  However, Code § 65.2-503(C) also sets forth the criteria under which a claimant qualifies for permanent total incapacity.  Code § 65.2-503(C), in subsections one through three, states that "[c]ompensation shall be awarded pursuant to § 65.2-500 for permanent and total incapacity when there is" loss of any two qualifying members in the same accident, total paralysis, or injury to the brain that renders the employee unemployable.  Code § 65.2-503(C)(1) to (3).

The commission held, and we agree, that Code § 65.2-511 permits Flood's dependents to collect the scheduled benefits to which Flood was entitled before his death.  Although Flood, as a quadriplegic, could have qualified for permanent and total incapacity benefits under Code § 65.2-503(C), he also could have

-

qualified for and would have been "entitled" to scheduled benefits under Code § 65.2-503(B).  Because Flood would have been "entitled" to an award of scheduled benefits at the time of his death, his statutory dependents were entitled under Code § 65.2-511 to the balance of benefits to which Flood would have been entitled under Code § 65.2-503(B).

Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>

-