# CIRCUIT COURT OF SCOTT COUNTY

Robert Jose De La Riva, Sr.

v.

Paul Dean Vowell,
Joseph Madison Livesay,
and Phillip Morris, Inc.

Case No. CL 99-62

Robert Jose De La Riva, Jr.

v.

Paul Dean Vowell,
Joseph Madison Livesay,
and Phillip Morris, Inc.

Case No. CL 99-63

August 2, 2000

BY JUDGE FORD C. QUILLEN

*Statement of Facts*

On the afternoon of July 10, 1997, an automobile driven by Robert Jose De La Riva, Jr. ("De La Riva, Jr.") with two passengers, Robert Jose De La Riva, Sr. ("De La Riva, Sr.") and Alissa De La Riva, was attempting a left turn on U.S. Highway 23 in Gate City, Scott County, Virginia, near the Gate City Ford Company. At this same time, a vehicle driven by Paul Dean Vowell, as an agent of Phillip Morris, Inc., struck the rear of the De La Riva automobile. Immediately, another vehicle driven by Joseph Madison Livesay

struck the rear of Vowell's vehicle causing Vowell to again hit the De La Riva vehicle a second time.

In Virginia, one must file personal injury actions within two years of the accident which resulted in injury. Va. Code § 8.01-243(A). All three De la Rivas filed a claim against defendants on July 8, 1999, in federal court. At the time of the accident, plaintiffs were Virginia residents and Vowell and Livesay were Tennessee residents. Phillip Morris, Inc., was a Virginia corporation, though plaintiffs mistakenly believed it to be incorporated in Delaware. To determine diversity as required in federal court, the citizenship of each party is evaluated at the time of filing, not at the time of the accident. Livesay was at that time a citizen of Virginia so was Phillip Morris, Inc.; therefore, no diversity existed among the parties.

On August 12, 1999, the federal court requested plaintiffs to produce evidence of diversity of citizenship in support of jurisdiction. Plaintiffs failed to produce any such evidence. On September 7, 1999, approximately two months after filing suit in federal court, plaintiffs filed the same claim (the pending suit in question) in this state circuit court. On September 27, 1999, the U.S. District Court for the Western District of Virginia dismissed plaintiffs' suit "without prejudice" for lack of subject matter jurisdiction.

## Issue

The question before this court is whether the federal court action, which was dismissed without prejudice and for lack of subject matter jurisdiction, would toll the Virginia statute of limitations, as provided in Virginia Code § 8.01-229(E)(1).

## Analysis

The analysis of this issue centers around the "saving provisions" of Virginia Code § 8.01-229(E)(1), which provides:

Except as provided in subdivision 3 of this subsection, if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

There are no Supreme Court cases from Virginia to extract clear precedent for this particular issue. Yet in recent years, situations similar to *De La Riva*

have been decided in several Virginia courts. This circuit court believes these similar cases provide adequate background for the analysis necessary to address the *De La Riva* issue, and for distinguishing among the interpretations of the saving provisions of the personal injury statute of limitations of Virginia Code § 8.01-229(E)(1).

Judge Swersky confronted these issues in the case of *Luddeke v. USAA*, which facts are identical to the facts in *De La Riva. Luddeke v. USAA*, 40 Va. Cir. 270 (City of Alexandria 1996). The defendants in *Luddeke*, just like the defendants in *De La Riva*, filed a plea of the statute of limitations (§ 38.2-2105). Luddeke was injured on January 22, 1994, and filed suit in federal court on January 19, 1996. It was later dismissed "without prejudice" for lack of subject matter jurisdiction. The second suit was filed in a Virginia state court on January 31, 1996. Defendants in *Luddeke* argued that the filing of the second suit was a nullity and did not toll the statute of limitations pursuant to § 8.01-229(E)(1). The court in *Luddeke* held that the plain language of § 8.01-229(E)(1) only required an action to be commenced and it made no difference whether the case was commenced in federal court or state court and that the court held that the tolling provisions are remedial in nature and must be liberally construed. The court ruled in *Luddeke* that, under § 8.01-229(E)(1), the savings provision which tolled the statute of limitations did apply and that the action was timely filed.

In 1995, Judge Samuel G. Wilson of the Western District of Virginia made an important decision in the case of *Parker v. McClanahan*, U.S. Dist. Lexis 12053 (W.D. Va. 1995). The event from which the suit derived in *Parker* involved an automobile accident that took place on I-81 in Botetourt County, Virginia. The Parkers, husband and wife, filed an action against McClanahan, a truck driver, and his employer, Burgess Transport, Inc., for damages resulting from personal injury to Mr. Parker. The Parkers were citizens of Texas, McClanahan a citizen of North Carolina, and Burgess was a Florida corporation. The incident occurred on July 28, 1992. The Parkers filed suit in Texas on July 19, 1994. The action was dismissed on January 24, 1995, for lack of jurisdiction. On January 31, 1995, the Parkers refiled their action in Botetourt County Circuit Court, but it was removed to federal court in Roanoke.

In reference to the issue of *De La Riva*, this court would like to reproduce a portion of Judge Wilson's decision in *Parker v. McClanahan*.

The immediate question is whether Virginia's tolling provision applies when the original action was commenced in another state. On its face, Virginia's tolling statute makes no distinction between

actions commenced in Virginia and actions commenced elsewhere. It merely refers to "any action," and the Code defines "action" to "include all civil proceedings whether at law, in equity, or statutory in nature and whether in circuit courts or district courts." Va. Code § 8.01-2(1) (Michie 1992). Neither have Virginia courts addressed the issue. Although a Virginia court defined the character of "actions" within the tolling provision, it made no delineation between Virginia actions and out-of-state actions. See *Musick v. Codell Constr. Co.*, 4 Va. App. 471, 358 S.E.2d 739, 740 (1987) (finding that "actions" are limited to judicial proceedings and do not include administrative proceedings). It is clear, however, that Virginia's tolling statutes must be liberally construed. "Such statutes are highly remedial and should be liberally construed in furtherance of their purposes, and are not to be frittered away by any narrow construction." *Woodson v. Commonwealth Util., Inc.*, 209 Va. 72, 161 S.E.2d 669, 670 (1968).

Not only Virginia, but other states, give a tolling statute a liberal construction. For example, in the case of *Stare v. Pearcy*, 617 F.2d 43 (4th Cir. 1980), the plaintiffs commenced their personal action in the United States District Court for the Northern District of Ohio. However, for want of personal jurisdiction over the defendant, a West Virginia citizen, the Ohio action was dismissed and the two-year limitations period had expired. The plaintiffs then filed an action in the Northern District of West Virginia where personal jurisdiction of the defendant was obtained but the action was dismissed on the ground that the two-year limitation period had elapsed and the district court further ruled that the statute granting the twelve-month extension did not apply where the first action was in a court outside West Virginia. However, on appeal, the circuit court of appeals, giving the statute the required liberal construction, held that the statute should have been applied and that the plaintiffs' action in the Northern District of West Virginia was filed on time.

Defendants argue in their plea on the statute of limitations that the statutory period expired for the De La Rivas on July 10, 1999. Defendants claim that plaintiffs' pending suit filed in state court on September 7, 1999, should be dismissed as it is barred by the statute of limitations, and because federal court already dismissed their suit on September 27, 1999. The defense defines "action" as in § 8.01-229(E)(1) to mean suits brought in Virginia state courts, not federal court, and the word "action" is limited to a Virginia circuit or district court since the statute does not include federal courts, which are included in the nonsuit statute, § 8.01-229(E)(3). The arguments of the

defendants rely upon the cases of *Shearer v. Coles*, 29 Va. Cir. 280 (New Kent County 1992), and *VACOM, Inc. v. Fairfax County Bd. of Supervisors*, 33 Va. Cir. 39 (Fairfax County 1993).

This Court believes that the above two cases place a wrong interpretation on the reason why Virginia Code § 8.01-229(E)(3) (nonsuit statute) was amended to include federal actions. Prior to the amendment, any nonsuit had to be reinstituted in the court in which it was originally filed. To change this rule, it was necessary that this particular code section be amended. However, it was unnecessary to amend § 8.01-229(E)(1) because this code provision had no requirement that the case be reinstituted in the court in which the suit was originally filed. In fact, this code section had broad language stating "any action" would get the benefit of this tolling provision if the case was dismissed not on its merits.

The argument that "any action" must be limited to a Virginia general district or circuit court action would be giving a most narrow construction to a tolling statute that has a long-established interpretation by the Virginia Supreme Court and other courts across our country that the statute should be liberally construed.

## Conclusion

In summary, as stated in the case of *McDaniel v. North Carolina Pulp Co.*, 198 Va. 612 (1956), the Virginia courts have embraced a liberal interpretation of tolling statutes. This rule is stated in a number of cases which are cited in *McDaniel*.

In *McDaniel*, the court, following 54 C.J.S., *Limitation of Actions*, § 287(b), pp. 347, 348, stated:

> A statute extending the time for the institution of a new action on failure of the original action for reasons other than on the merits is highly remedial and should be liberally construed in furtherance of its purpose, to afford litigants a hearing on the merits, and is not to be frittered away by any narrow construction . . . . (196 Va. 1055).

In the instant cases, it is clear from the pleadings that the proceedings instituted by the plaintiffs in the Western District of Virginia were "actions" within the meaning of § 8.01-229(E)(1) and that these actions were dismissed "without determining the merits" of such actions.

This Court holds that the federal actions were pending during the time the state actions were initiated, and therefore, the statute of limitations would be tolled during that period.