COURT OF APPEALS OF VIRGINIA

Present:  Judges Petty, Beales and Senior Judge Coleman
Argued at Richmond, Virginia

SHEILA RUNYON, ADMINISTRATRIX
  OF THE ESTATE OF HOWARD RUNYON
                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 1720-10-2                        JUDGE WILLIAM G. PETTY
                                                    FEBRUARY 22, 2011
CBS CONSTRUCTION COMPANY AND
  TRAVELERS PROPERTY CASUALTY
  COMPANY OF AMERICA

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

William C. Carr, Jr. (Emroch & Kilduff, on brief), for appellant.

Anne C. Byrne (Britt & Byrne, on brief), for appellees.


Appellant, Sheila Runyon, sought an award of benefits after her husband, Howard

Runyon (Howard), died as the result of a compensable injury incurred while working for his

employer.  Specifically, Runyon asked the commission (1) to personally award her death benefits

pursuant to Code § 65.2-512(A)(1), or (2) in the alternative, to award her permanent partial

disability (PPD) benefits based on her interpretation of Code § 65.2-511.  The commission

denied her claim, and she now assigns error to that decision.  Finding no error, we affirm.

I.  BACKGROUND

"On appeal from a decision of the Workers' Compensation Commission, the evidence

and all reasonable inferences that may be drawn from that evidence are viewed in the light most

favorable to the party prevailing below."  Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

608 S.E.2d 512, 517 (2005) (citing Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 72, 577 S.E.2d 538, 539 (2003)).

Viewed in that light, the evidence established that Runyon married Howard in 2001. At that time, he was receiving temporary total disability (TTD) benefits for a compensable injury he had incurred about a year earlier while working for employer. Howard died on March 23, 2005 as a result of that injury. Runyon submitted a medical report opining that at the time of Howard's death, his injury had resulted in a 100% loss of use of both legs.

About nine months before his death, Howard left Runyon and their shared apartment in Florida and returned to Virginia, purportedly to settle the remainder of his workers' compensation claim. While in Florida, Runyon depended on Howard's TTD benefits and wages she earned as his in-home caregiver to pay her living expenses. When Howard left and returned to Virginia, both of these sources of income ended. Although Howard promised to send Runyon money, he never did. Due to these circumstances, she moved into a smaller apartment, took two new jobs, and even received income assistance for a brief period from the State of Florida.

After Howard's death, Runyon filed a claim to receive death benefits under Code § 65.2-512(A)(1), or alternatively to receive PPD benefits under Code § 65.2-511. The parties stipulated that Howard's compensable injury caused his death, but disputed Runyon's status as a presumptive dependent under Code § 65.2-515. Runyon argued that she was actually dependent upon Howard until the date of separation and thus entitled to death benefits under Code § 65.2-512(A)(1). Alternatively, Runyon argued that if she was not entitled to death benefits she was entitled to receive Howard's unclaimed PPD benefits. She reasons that Code § 65.2-511 impliedly authorizes such an award when the commission has not otherwise made an award to a statutory dependent. The deputy commissioner and the full commission rejected these arguments and denied her claim. This appeal followed.

II. ANALYSIS

A. Death Benefits Under Code § 65.2-512(A)(1)

Runyon first assigns error to the commission's decision to deny her claim for death benefits pursuant to Code § 65.2-512(A)(1). The commission examined Runyon's status at the time of Howard's death, and concluded she was not a presumptive dependent under Code § 65.2-515 at that time. Runyon assigns error to that factual finding, arguing that she was actually dependent upon her husband until their separation and thus entitled to benefits. We disagree.

"On review on appeal, we must defer to the commission's findings of fact if supported by credible evidence in the record." Diaz v. Wilderness Resort Ass'n, 56 Va. App. 104, 114, 691 S.E.2d 517, 522 (2010) (citing Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 127, 510 S.E.2d 255, 259 (1999) (en banc)). Whether Runyon was actually dependent upon her husband is a factual finding. See Tharp v. City of Norfolk, 19 Va. App. 653, 654, 454 S.E.2d 13, 14 (1995) (affirming "the commission's finding" that a claimant had failed to prove dependency under Code § 65.2-515).

Under Code § 65.2-512(A)(1), if death results from an accident covered by the Workers' Compensation Act, the decedent's employer must pay death benefits "to those persons presumed to be wholly dependent upon the deceased employee as set forth in subdivisions A 1, A 2, and A 3 of § 65.2-515." Under Code § 65.2-515(A)(1), a wife is conclusively presumed to be dependent "upon a husband whom she had not voluntarily deserted or abandoned at the time of the accident or with whom she lived at the time of his accident, if she is then actually dependent upon him."[1] To be "actually dependent" under the section, the wife "need only establish partial

---

[1] The word "then" in the phrase "if she is then actually dependent" appears to refer to the earlier phrase "at the time of the accident." However, the commission addressed the wife's dependency as of the date of Howard's death, some five years later. Neither party has assigned

dependency." Caudle-Hyatt, Inc. v. Mixon, 220 Va. 495, 499, 260 S.E.2d 193, 195 (1979). However, she must prove that her husband "contributed with some degree of regularity, and such contributions must have been relied upon by the claimant for reasonable necessaries consistent with . . . her station in life." Armada, Inc. v. Lucas, 2 Va. App. 414, 418, 345 S.E.2d 14, 16 (1986).

At the time of Howard's death, Runyon was neither receiving nor relying upon any financial support from him. She explained to the commission that at that time she relied upon other sources of income for her support. Although Howard apparently offered to send Runyon money during the several months of their separation, he never actually did so. In fact, during that time, Runyon was able to readjust her lifestyle by moving into a lower cost apartment and by acquiring better work. Runyon was not even partially dependent on her husband at the time of his death. Thus, we conclude that credible evidence supported the commission's factual finding that Runyon was not a dependent as defined in Code § 65.2-515(A)(1).

### B. Award Based on Code § 65.2-511

Runyon also assigns error to the commission's "finding that [she] is not entitled to any Survivor's Benefits" pursuant to Code § 65.2-511. Based on this alternative theory, Runyon argues that Code § 65.2-511 entitles her to an award of the PPD benefits that Howard would have been entitled to receive during his lifetime. She reasons that under Code § 65.2-511, unpaid PPD benefits survive the death of the employee and are terminated only when (1) the death was a result of a compensable accident and (2) survivor benefits are paid to a statutory dependent. Accordingly, she suggests that when the commission concluded she was not a statutory dependent under Code § 65.2-512(A)(1), Howard's unclaimed right to PPD benefits

_____

error to the commission's decision to use the date of death to determine dependency, so the issue is not before us. See Rule 5A:20. Thus, for purposes of this opinion we will analyze Runyon's dependency as of the date of Howard Runyon's death. See id.

was never terminated and, thus, remains outstanding and somehow passed to her. Based on this reasoning, she vaguely concludes that she is entitled to an award of these unclaimed benefits.[2] In contrast, employer argues that Code § 65.2-511 only authorizes an award to a statutory dependent, and does not authorize the award of benefits to someone that does not fall into that category. We agree with employer.

Code § 65.2-511 states,

> When an employee receives or is entitled to compensation under this title for an injury covered by § 65.2-503 and dies from a cause other than the injury for which he was entitled to compensation, payment of the unpaid balance of compensation shall be made to his statutory dependents under this chapter, in lieu of the compensation the employee would have been entitled to had he lived. However, if the death is due to a cause that is compensable under this title and the dependents of such employee are awarded compensation therefor, all right to unpaid compensation provided by this section shall terminate.

Accordingly, the first sentence of Code § 65.2-511 grants the *statutory dependents* of a decedent the right to those benefits the decedent was "entitled" to in his life. Thomas Refuse Serv. v. Flood, 30 Va. App. 17, 20, 515 S.E.2d 315, 317 (1999). This right includes those benefits that the decedent had not claimed in his life, but which the commission determines he was otherwise eligible to receive. Id. at 19-21, 515 S.E.2d at 316-17. However, *the right of statutory dependents* to receive such an award terminates if the decedent's death was caused by a compensable injury and the statutory dependents have already received compensation, e.g., death benefits under Code § 65.2-512.

---

[2] In her assignment of error and throughout her alternative theory argument, Runyon posits that "she" is entitled to her husband's benefits. However, Runyon has not specifically articulated whether she is claiming the unpaid PPD benefits in her individual capacity as Howard's widow or as the representative of Howard's estate. Regardless of how the claim is presented, the fact remains that this alternative theory presupposes that there is no statutory dependent entitled to receive either PPD or death benefits.

The Workers' Compensation Commission is a creature of statute that may act only under the authority the legislature has granted it. See Bogle Dev. Co. v. Buie, 250 Va. 431, 434, 463 S.E.2d 467, 468 (1995) (explaining that the commission's actions must be authorized by the Workers' Compensation Act, since the commission derives its authority solely from the Act). Thus, we must look to the plain text of the statute, and that text controls our decision if it is unambiguous. Evans v. Evans, 280 Va. 76, 82, 695 S.E.2d 173, 176 (2010). The plain text of Code § 65.2-511 is unambiguous. The first sentence of Code § 65.2-511 creates a specific right of a statutory dependent to receive an award. The second sentence only provides for the termination of the statutory dependent's right created in the first sentence. It neither creates a right to benefits in someone other than a statutory dependent, nor extinguishes such a right that may otherwise exist. Thus, Code § 65.2-511 is a self-contained section that simply does not apply to Runyon. As we have already explained, and as she has conceded for the purpose of this theory, Runyon is not a statutory dependent. Thus, she is not entitled to an award based on the express terms of Code § 65.2-511. We cannot read beyond those terms as Runyon urges us to do. Therefore, we conclude that the commission did not err when it denied Runyon benefits based on her improper reading of Code § 65.2-511.

### III. CONCLUSION

For the foregoing reasons, the commission did not err in refusing to award benefits to Runyon. Credible evidence supported the commission's finding that Runyon was not a presumptive dependent under Code § 65.2-515. Further, the commission had no authority under Code § 65.2-511 to award benefits to Runyon. Therefore, we affirm.

Affirmed.