## The Baltimore Retort and Fire Brick Company of Baltimore City vs. Alice Mali.

*Party—Administration—Imperfect voluntary Assignment of Shares of stock—Gift inter vivos—Trust—Equity jurisdiction.*

The administrator of a decedent is a necessary party to a proceeding to compel the transfer of stock standing upon the books of a corporation in the name of the decedent.

A father made an assignment under seal to his daughter of certain shares of stock in a corporation. The certificates for this stock at the date of said assignment had been made out in due form in the name of ₁the assignor, but remained in the certificate book of the corporation just as they were executed, and uncut therefrom. The assignment appeared on its face to be for value, but was in fact intended as a gift, and not as a sale. The assignment, which contained no power of attorney authorizing the transfer of the stock, was left by the assignor with the attorney of the corporation, with whom also was left the book of certificates, with instruction that upon obtaining the assent of a mortgagee of the corporation, the transfer of the stock should be made to the daughter on the books of the company. No transfer, however, was made in the life-time of the father. On a bill filed by the daughter against the corporation after her father's death, to compel a transfer of the stock, it was Held:

1st. That the assignment was imperfect without an actual transfer of the stock on the books of the corporation, and equity could not make that good and enforcible as a gift *inter vivos*, which was incomplete, and, therefore, not enforcible at law.

2nd. That there was no element of trust in the case upon which the claim of the assignee could be supported.

3rd. That if the father had declared that he held, or would thenceforth hold the shares of stock in trust for his daughter, then perhaps equity would seize upon and enforce such trust for the benefit of the donee, although voluntarily created.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court. The appeal was taken from a decree directing the defendant to transfer upon its books to the name of the complainant, Alice Mali, two thousand seven hundred and eighty shares of its capital stock, and to issue to her, in her name, a certificate or certificates for the same.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*Samuel Snowden,* for the appellant.

*Henry Stockbridge, Jr.,* and *Henry Stockbridge,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

The object of the bill in this case is to compel the defendant, the appellant in this appeal, to transfer upon its books to the name of the appellee, two thousand seven hundred and eighty shares of the capital stock of the appellant, and to issue new certificates therefor to the appellee, instead of certificates to that amount of stock, being part of a larger amount, theretofore made out in the name of Hippolyte Mali, the father of the appellee. Hippolyte Mali is dead, and there is an administration upon his estate, though the bill is filed against the appellant alone. If we could see in the case sufficient ground for decreeing the relief prayed, we should, before proceeding to decree, have to remand the cause in order that the administrator might be made a party, as the decree, to be effective, ought to bind the estate of the deceased as well as the appellant.

It appears that the appellant is an incorporated body, organized under the general incorporation law of the State, and its capital stock consists of five thousand shares, of the par value of ten dollars each. Of this capital

stock, Hippolyte Mali was an original subscriber to four thousand shares, and down to the early part of August, 1883, he continued to hold all the stock originally subscribed for by him, with the exception of two hundred and twenty shares, which he had previously transferred. The certificates for this stock, in various amounts, were all filled up, dated, and signed by the president and secretary of the corporation, under the corporate seal, to Hippolyte Mali; and with the exception of some few of the certificates, they remained in the certificate book of the corporation just as they were executed, uncut therefrom, and still so remain in the book. In this state of things, Hippolyte Mali, at Brooklyn, New York, where he resided, on the 13th of August, 1883, executed an assignment, under hand and seal, of the 2780 shares of stock to his daughter, the appellee. The assignment states on its face that it was made for value received; but the proof is clear in showing that the assignment of the stock was intended as a gift merely, and not a sale of the stock for value. It is not charged or claimed in the bill that the appellee is entitled as purchaser for value. It is simply alleged that she is entitled by virtue of the assignment, and that the appellant has refused to recognize her right to the stock, and to transfer the same to her name on its books. There was no power of attorney executed by the donor authorizing the transfer of the stock on the books of the corporation. But the assignment was left by Mr. Mali with Mr. Reynolds, at that time the attorney of the corporation, with whom also was left the book of certificates, with instruction that upon obtaining the assent of Mr. James, a mortgagee of the corporation, the transfer of the stock should be made to the daughter on the books of the company. But owing to circumstances, about which there seems to be a conflict of testimony, the transfer was not made in the life-time of Mali, the original owner of the stock; and since his death the corporation has refused to

make the transfer, upon what is claimed by the appellee to be sufficient authority for requiring the transfer to be made, but which is denied by the appellant. It is contended by the latter that the authority to Mr. Reynolds to effect the transfer on the books of the corporation was revoked by the death of Mali, and the transfer not having been made, the gift of the stock was left imperfect, and beyond the power of a Court of equity to make complete.

The general incorporation statute, under which the appellant was organized, (Act of 1868, ch. 471,) by its 58th section, provides that the stock of corporations organized under that Act, "shall be deemed personal estate, and shall be transferable as shall be prescribed by the by-laws of the corporation; and no shares shall be transferable until all previous calls thereon shall have been paid in, or shall have been declared forfeited for the non-payment of the calls thereon." The proof in this case shows that there were no by-laws regulating the manner of transferring the stock of the corporation; but the certificates of stock, which we must suppose were accepted and assented to by the stockholders, expressly provide, that the shares of stock are transferable *only* on the books of the company, by the owner, or attorney, on surrender of the certificate. The shares of stock mentioned in the assignment to the daugher, never having been actually transferred on the books of the corporation, remained subject to the control and dominion of Mali, the original stockholder, and in whose name they stood on the books, down to the time of his death; and after his death that control and dominion devolved upon his personal representative. The stock could only be voted, in respect to the affairs of the corporation, by the party, or his representative, in whose name it stood upon the books. It is only when the transfer is consummated by the actual transfer from one party to another, upon the books of the corporation (if that be the requirement,) that the relation of membership

between the corporation and the old stockholder is *destroyed*, with all its incidents, and a new and original relation created with the new member, free from all antecedent obligations. *National Bank vs. Watsontown Bank*, 105 *U. S.*, 222. It may be true, that an assignment of specific shares of stock *for value*, where the rules or regulations of the corporation do not otherwise provide, will be sufficient to entitle the assignee to equitable interference to secure the consummation of the assignment, by actual transfer on the books of the corporation, as well against the corporation as against the assignor; but in the case of a voluntary assignment, without consideration, the case is different. In the latter case, the assignment being imperfect and executory, equity will not interpose.

Whatever may be the views entertained by the Courts of other States, as in the case of *Stone vs. Hackett*, 12 *Gray*, 227, and of *Cushman vs. Thayer Manf. Co.*, 76 *N. Y.*, 365, in regard to such an assignment of stock as we have presented in this case, the law in this State has long since been settled adverse to the claim set up by the appellee; and we must decide this case in accordance with the previous decisions of this Court upon the subject.

In the case of *Pennington vs. Gittings*, 2 *Gill & J.*, 208, where there was a gift by a father to his child of a certificate of stock issued to him for a certain number of shares in the capital stock of a corporation, the application was to a Court of equity by the donee to compel the executor of the donor to make the transfer of the stock on the books of the corporation. In that case the certificate, by its terms, as in this case, declared that the shares were "transferable at the said bank only, personally, or by attorney," and which certificate was signed by the cashier of the bank, and endorsed in blank by the father, the donor, at the time of the gift to the daughter. But it was held that such gift was imperfect, and could not be enforced in equity against the executor of the donor, by reason of the

fact that the shares of stock had not been actually transferred on the books of the bank in the life-time of the father. It was held that the delivery was imperfect, there being no transfer of the stock on the books, and that that which was not a good and valid gift in law, could not be made good in equity.

There, while conceding, as the Court did, that Mrs. Patterson, the donee, "might have gone to the bank in the life-time of her father, and caused a transfer of the stock to be made to herself on the books of the bank, the only way in which the stock, the thing that was intended to be given, could be delivered, and thus have perfected the donation, yet," said the Court, "not having done so, it was not a valid gift of the stock, either in law or equity, for want of delivery. It was not a valid gift in law, otherwise there would have been no necessity for going into Chancery to perfect it. And being void in law, Chancery cannot interpose to make it good or enforce it. If Mr. Gittings was alive, it could not be seriously contended, that he could be compelled to transfer the stock in the absence of any consideration; and the same principle applies to his executor. His death does not make that good which was bad before." And for the same reason, the assignment in this case was imperfect without the actual transfer of the stock upon the books of the corporation; and equity cannot make that good and enforcible as a gift *inter vivos* which was incomplete and therefore not enforcible at law. The same principle has been but recently re-affirmed by this Court in the case of *Conser vs. Snowden*, 54 *Md.*, 175.

Nor is there any element of trust in the case upon which the claim of the appellee can be supported. If the father had declared that he held or would thenceforth hold the shares of stock in trust for his daughter, then, perhaps, equity would seize upon and enforce such trust for the benefit of the donee, although voluntarily created. But

here there is no such declaration of trust attempted to be established, and the assignment produced and relied on is altogether inconsistent with any idea of a trust in favor of the daughter. The assignment professes to convey the stock to the daughter absolutely, but the gift was left imperfect for the want of an actual transfer of the stock on the books of the corporation; and equity, as we have seen, will not lend its aid to consummate the gift, by directing the transfer to be made. *Jones vs. Lock, L. R.,* 1 *Ch.,* 25; *Antrobus vs. Smith,* 12 *Ves.,* 46.

It follows that the decree of the Court below must be reversed, and the bill be dismissed.

*Decree reversed, and*
*bill dismissed.*