## MORRIS KATZ *v.* NETTIE KATZ

[No. 144, October Term, 1946.]

*Decided May 20, 1947.*

**538**

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Leon A. Pierson* and *Edward Pierson*, with whom were *Pierson & Pierson* on the brief, for the appellant.

*Simon E. Soboloff*, with whom was *Bernard M. Gold-stein* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

On June 2, 1944, Nettie Katz named as the appellee here, filed in the Circuit Court of Baltimore City a bill of complaint against her husband, Morris Katz, appellant here, praying: a divorce *a mensa et thoro*; that the respondent be required to account for rents received by him from properties owned by the parties to this suit as tenants by the entireties; that the respondent be restrained by preliminary injunction from collecting the rents from these properties and that a trustee be appointed to collect and divide these rents; that the respondent be restrained by injunction from collecting the rents and using the money solely as his own; that the respondent be ordered to pay a reasonable sum as alimony *pendente lite*, permanent alimony, costs of the proceedings, counsel fee unto the solicitor for the complainant; that the Court decree that whatever rents or income derived from the properties or bank accounts of the parties shall be divided equally between them; and for other and further relief. After answer filed the case was set for hearing. The divorce case was never tried. It is claimed that the parties reached an agreement partly in writing and partly in parol, submitting certain of their property

rights to the Chancellor for determination. Nettie Katz, the complainant, died on the 9th day of June, 1945.

Subsequent to her death, the Chancellor, acting both as chancellor and arbitrator, on April 5, 1946, filed a paper entitled, "Opinion, Award and Decree," in which he attempted to settle the rights of the parties to the case, under agreement, in respect to their real and personal property. On June 6, 1946, attorneys for "the Estate of Nettie Katz" filed a motion asking that a decree be passed on the award. After subsequent pleadings the Chancellor, on November 21, 1946, filed a memorandum in which he denied the motion of Morris Katz to strike from the files of the proceedings the "Opinion, Award and Decree"; overruled and denied the motion of Morris Katz for decree dismissing the bill of complaint; overruled the exceptions of Morris Katz to the award filed; overruled the demurrer of Morris Katz to the award; overruled and denied the motion of Morris Katz not to receive and to strike from the files the motion of the "Estate of Nettie Katz" for decree on award. He also denied the motion on behalf of the "Estate of Nettie Katz" for a decree on the award. The appellant appeals to this Court from all of these orders of the Chancellor of November 21, 1946, except the denial of the motion of "the Estate of Nettie Katz" for a decree on the award.

No action has been taken in the Orphans' Court for Baltimore City or in any other court as to administration of the Estate of Nettie Katz and no new parties have been made to the instant case since the death of Nettie Katz on the 9th day of June, 1945. Code, Article 16, Section 230. It is a well-known principle of law that no decree can be made affecting an estate of real and personal property until the personal representative and the heirs of the party dying are made parties. *Miller's Equity Procedure*, Section 41, pages 50 and 51; *Jones v. Jones*, 1 Bland 443, 460, 18 Am. Dec. 327; *Ridgely v. Bond*, 18 Md. 433, 449 and 450; *Foos v. Scarf*, 55 Md. 301, 312; *Baltimore Retort & Fire Brick Company v. Mali*, 65 Md. 93, 94, 3 A. 286, 57 Am. Rep. 304. There-

fore, so far as the memoranda, filed by the Chancellor on April 5, 1946, and November 21, 1946, after the death of Nettie Katz and with no parties taking the place of Nettie Katz, amount to decrees, these are therefore void and of no effect.

As to the parts of the memorandum, which it is claimed amount to an award, filed by the Chancellor on April 5, 1946, those parts must take the usual course of an award to be enforced by a decree after the necessary party or parties are substituted for the deceased party. *Miller's Equity Procedure*, Section 251, page 312; *Phillips v. Shipley*, 1 Bland 516, 517 and 518; article *Maryland Law Review*, Vol. II, No. 4, page 337. The claim is made here by the "appellee" that any award in the instant case, by agreement of the parties during their lives, was not to be affected by the death of either party. We are unable to determine at this state of the case whether the award is valid or invalid, as an award is not a final order from which an appeal can be taken. Code, Article 5, Section 30; *Elkton Supply Co. v. Stubbiles*, 180 Md. 97, 99, 23 A. 2d 3. It becomes final after decree. In so far as the appeal in this case amounts to an appeal from the award and not from a final decree, it must be dismissed. Moreover in no event can we consider this appeal without the necessary parties before us.

*Appeal dismissed, with costs.*