## BIG VEIN COAL CO. OF LONACONING ET AL. *v.* LEASURE

[No. 94, October Term, 1948.]

*Decided March 9, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Philip T. McCusker,* with whom was *Hall Hammond* on the brief, for the appellants.

*Edward J. Ryan,* with whom were *Harold Naughton* and *Milton Gerson* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by the State Accident Fund, appellant, from an order of the State Industrial Accident Commission, (the Commission), allowing Milson Thomas Leasure, claimant and appellee, an employee of Big Vein Coal Company, to file an amended claim for compensation.

On July 5, 1945, appellee filed a claim, No. A47878, for an injury to his right hand, the accident occuring on June 19, 1945. The Commission awarded him $23 a week during the continuance of his disability to begin on June 23, 1945. In that claim of July 5, 1945, no mention was made of any injury to any other part of appellee's body, other than the right hand. Filed with that claim was a surgeon's report which mentioned no injury, other than the right hand.

In May, 1947, the appellee filed a petition requesting the reopening of claim No. A47878, *supra,* filed July 5, 1945, for the purpose of determining his disability from a back injury which he alleged he sustained at the same time he injured his right hand, the back injury not having been stated in his original claim. The Commission set

the case for hearing at Cumberland on August 15, 1947, on the reopening of claim No. A47878, *supra*. On November 14, 1947, the Commission passed an order denying compensation on the ground that the claim for the injury to claimant's back and hip was barred by limitations. From that order the appellee appealed to the Circuit Court for Allegany County. Before the case was heard on appeal the appellee filed a petition in that court asking that the proceedings be remanded to the Commission in order that he could amend his claim. The attorney for the State Accident Fund agreeing to the remand, the case was ordered remanded to the Commission for further proceedings.

On April 7, 1948, the Commission passed an order granting leave to the appellee to file the amended claim. From that order the State Accident Fund appealed to the Circuit Court for Allegany County. The Circuit Court for Allegany County ordered the appeal dismissed and from that order the State Accident Fund appeals to this Court.

This order of the Commission allowing for claimant to amend his claim is interlocutory and not a final order at this stage of the case. The appeal must be dismissed. It has been stated many times by this Court that no appeal can be taken here from an interlocutory order. The judgment must be final before this Court has any jurisdiction to hear the appeal. Statutory provisions for appeal from, or review of, orders of administrative tribunals have generally been construed as applicable, not to interlocutory orders, but only to final orders. *Penny v. Maryland State Police*, 186 Md. 10, 12, 45 A. 2d 741; *Elkton Supply Co. v. Stubbiles*, 180 Md. 97, 99, 23 A. 2d 3, and cases there cited; *Leberstein v. Leberstein*, 186 Md. 25, 45 A. 2d 753; *Snyder v. Cearfoss*, 186 Md. 360, 366, 46 A. 2d 607; *Brann v. Mahoney*, 187 Md. 89, 48 A. 2d 605, 611; *Katz v. Katz*, 188 Md. 537, 540, 52 A. 2d 925, 927; *Federal Power Commission v. Metropolitan Edison Co.*, 304 U. S. 375, 58 S. Ct. 963, 82 L. Ed. 1408.

*Appeal dismissed, with costs.*