## BONNER *v.* CELANESE CORPORATION OF AMERICA ET AL.

[No. 103, October Term, 1949.]

*Decided May 18, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Edward J. Ryan,* with whom were *William L. Wilson, Jr.,* and *Walter W. Dawson* on the brief, for appellant.

The Court declined to hear argument for appellees. *John T. Fey* and *Charles Z. Heskett,* on the brief for the appellees.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Mabel W. Bonner, claimant, from an order of the Circuit Court for Garrett County. The appellant, an employee of the Celanese Corporation of America, on August 23, 1944, injured her back while working at the Celanese plant near Cumberland, Maryland. She received compensation for this injury until November 28, 1944, when she returned to work for Celanese.

She claimed that on March 1, 1946, she again suffered an injury to her back while at work at the Celanese plant and filed a claim with the State Industrial Accident Commission. On September 3, 1947, the Commission passed an order terminating her temporary total disability and finding that there was no permanent disability. An appeal was taken from that order to the Circuit Court for Allegany County.

At the trial of the case in Garrett County on April 6, 1948, two issues were submitted to the jury. In answer to the first issue the jury found that the appellant suffered permanent disability as a result of the accident. To the second issue: "If the Jury finds that she is suffering from any such permanent disability, what is the percentage of such disability?", the jury answered: "100 per cent".

On the same day a motion for a new trial was filed by the Celanese Corporation of America, employer, and the American Motorists Insurance Company, insurer, appellees. As a result of that motion the trial judge filed an opinion in which he stated, among other things, the following: "It seems to this Court that the disability of claimant should be measured by her ability to engage in a gainful occupation while wearing a brace. Since the testimony most favorable to her was that her disability, measured while wearing the brace, was 50 per cent, the finding of the Jury that she was 100 per cent disabled was not supported by the evidence. The jury's finding was probably brought about in this way: the appeal seems to have been pursued under the belief of both parties that the disability was only a partial one. It was only after the evidence was completed that claimant's counsel presented the issue as to permanent *total* disability—which issue was not allowed. However, counsel for the claimant argued before the jury at some length—and the Court was in error in permitting this to be done—that claimant could not even work around her home at her domestic chores without wearing a brace. It is clear now to the Court that he should have been restricted in his arguments before the jury to the effect of the disability so far as gainful occupations are concerned," On the 27th day of July, 1948, the trial judge passed an order "(4) That the motion of the defendant for a new trial is hereby granted, unless on or before the 17th day of August, 1948, the claimant or her counsel will file a written order to the Clerk authorizing the amending of the answer of the Jury to the second issue by inserting the words, 'Fifty Per Cent' in place of 'One Hundred Per Cent'." From that order the appellant appeals here.

The appellees have filed in this case a motion to dismiss the appeal for the reason that the appeal is from an order granting a new trial and that no judgment has been entered on the verdict of the jury.

Article 101, Section 57, 1947 Supplement of the Code, providing for appeals in Workmen's Compensation cases, states in part: "Appeal shall lie from the judgment of the Circuit Court of the County or the Common Law Courts of Baltimore City to the Court of Appeals as in other civil cases, * * *." There was no judgment in this case. The case of *Bethlehem Steel Company v. DeMario*, 164 Md. 272, 164 A. 748, involved an appeal from the judgment of the Superior Court of Baltimore City reversing the decision of the State Industrial Accident Commission wherein the claimant was denied compensation. The fourth exception in that case was to the overruling of the defendant's motion for a new trial. This Court stated in that case 164 Md. at page 278, 164 A. 748, that that action was not reviewable by this Court.

It has been stated many times that it is well settled in this State that the action of a trial court in granting or refusing a motion for a new trial is not appealable. *Morrison v. Whiteside*, 17 Md. 452, 460, 79 Am. Dec. 661; *Waters v. Waters*, 26 Md. 53; *Baltimore & O. Railroad v. Brydon*, 65 Md. 198, 230, 3 A. 306, 9 A. 126, 57 Am. Rep. 318; *Stern v. Bennington*, 100 Md. 344, 60 A. 17, 108 Am. St. Rep. 433; *Washington B. & A. E. R. Co. v. Kimmey*, 141 Md. 243, 244, 250, 118 A. 648; *Lynch v. Mayor & City Council of Baltimore*, 169 Md. 623, 633, 182 A. 582; *Phoebus v. Sterling*, 174 Md. 394, 396, 198 A. 717; *Wilson v. State*, 181 Md. 1, 8, 26 A. 2d 770; *Snyder v. Cearfoss*, 186 Md. 360, 367, 46 A. 2d 607; *Anderson v. State*, 5 Har. & J. 174, 175; *Poe, Practice, Tiffany's Ed.*, Sec. 439; *Evans, Practice*, 2d Ed., Sec. 417; *14 Enc. of Pleading & Practice*, page 768.

No final judgment was entered in this case and therefore the motion to dismiss the appeal must be granted. It has also been stated many times that no appeal can be taken from an interlocutory order. The judgment must be final before this Court has jurisdiction to hear the appeal. *Elkton Supply Co. v. Stubbiles*, 180 Md. 97, 99, 23 A. 2d 3, and cases there cited; *Penny v. Maryland*

136

*State Police,* 186 Md. 10, 12, 45 A. 2d 741; *Leberstein v. Leberstein,* 186 Md. 25, 45 A. 2d 753; *Snyder v. Cearfoss, supra,* 186 Md. at page 366, 46 A. 2d 607; *Brann v. Mahoney,* 187 Md. 89, 89 A. 2d 605; *Katz v. Katz,* 188 Md. 537, 540, 52 A. 2d 925, 927; *Big Vein Coal Co. v. Leasure,* 192 Md. 435, 437, 64 A. 2d 563, 564; *Federal Power Commission v. Metropolitan Edison Co.,* 304 U. S. 375, 58 S. Ct. 963, 82 L. Ed. 1408.

*Appeal dismissed, with costs.*