## BONNER *v.* CELANESE CORPORATION OF AMERICA ET AL.

[No. 104, October Term, 1949.]

10

*Decided April 12, 1950.*

The cause was argued before MARBURY, C. J., COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Edward J. Ryan* and *William L. Wilson, Jr.*, with whom was *Walter W. Dawson* on the brief, for the appellant.

*Charles Z. Heskett*, with whom was *John T. Fey* on the brief, for the appellees.

HENDERSON, J., delivered the opinion of the Court.

Mabel W. Bonner sustained an injury to her back on August 23, 1944 while employed by the Celanese Corporation. She claimed compensation and received an award for temporary total disability, dated September 25, 1944. She returned to work on November 28, 1944, and worked intermittently until March 1, 1946, when she ceased work. On March 27, 1947, through counsel, she sought a hearing on the ground that "because of the injury to her back she was unable to work and has not worked since that time." The issues raised were (1) the nature and extent

of injuries, (2) period of temporary total disability and (3) extent of permanent disability. After a hearing, at which the claimant and two physicians testified, the Commission found that her temporary total disability terminated on November 27, 1944, and that "there is no permanent disability." Appeal was duly entered to the Circuit Court for Allegany County.

At the trial two issues were submitted to a jury (1) whether the claimant was suffering a permanent disability as a result of the accident and (2) if so, what is the percentage of such disability? The jury found "100 per cent" disability. The court granted a new trial unless on or before August 17, 1948, the claimant should authorize an amendment to the jury's answer to the second issue by inserting the words "50 per cent" instead of "100 per cent." The claimant did not accede, but on August 17, 1948 appealed to this court. We granted a motion to dismiss the appeal, (*Bonner v. Celanese Corporation of America,* 193 Md. 132, 66 A. 2d 400), on the ground that there was no final judgment and the order was not appealable. We did not pass upon the questions argued, that the Court lacked authority to grant a remittitur, and that the corrective effect of a back support could not be considered in determining the extent of disability.

After remand, the appellees filed a motion to affirm the award of the Commission on the ground that there were no issues of fact that could be presented to a jury, that the Commission's finding was not arbitrary or capricious but was supported by the evidence, and that there was no evidence to show that the Commission abused its discretion. From an order granting the motion and affirming the award, the case again comes here on appeal.

Unspecified injuries resulting in permanent partial disability are dealt with in the "other cases" paragraph of section 35 (3), Article 101 of the Code, which authorizes an award of 50 per cent of the difference between the average weekly wage and the wage-earning capacity following the injury, payable during the continuance of

such partial disability, but not to exceed a fixed maximum. Prior to the amendment of this section by Chapter 895 of the Acts of 1947, effective June 1, 1947, it was construed by this court in a long line of cases reviewed in *Townsend v.. Beth.-Fair. Shipyard,* 186 Md. 406, 47 A. 2d 365, as authorizing the Commission to fix the aggregate amount of the award, in any case of permanent partial disability, at less than the statutory maximum. Since the amount depends upon the duration of the period of weekly payments, and the paragraph does not specify the number of weeks or relate such period to the extent of the injury, it was held that the fixing of the rate and period was within the sound discretion of the Commission, and could not be made the subject of an issue for a jury. Where the Commission made an award under this paragraph, it was held that its action was reviewable by the court only to determine whether the award bore a reasonable relation to the injury suffered and was supported by substantial evidence. *Allen v. Glenn L. Martin Co.,* 188 Md. 290, 300, 52 A. 2d 605. The same rule was applied where the Commission found no disability, under a claim for permanent partial disability. *Porter v. Beth.-Fair. Shipyard,* 188 Md. 668, 676, 53 A. 2d 668; *Egeberg v. Maryland Steel Products Co.,* 190 Md. 374, 379, 58 A. 2d 684, 686.

On the other hand, where the claim is for permanent total disability, or for one of the scheduled injuries, the problem of relating the award to the extent of disability does not arise, and issues of fact may be submitted to a jury, if the question has been raised before the Commission. In *Jackson v. Bethlehem-Sparrows Point Shipyard,* 189 Md. 583, 56 A. 2d 702, 705, we said that no issue of fact could be submitted to a court or jury on appeal where it does not appear from the record that the question involved was before the Commission. "That does not mean that a formal issue, specifically directed to such fact, must be presented first to the Commission. It means that there must have been at the least, evidence before the Commission which would give it the opportunity to pass upon the fact. * * * The testimony given be-

fore the Commission might be insufficient to justify an award, but he is entitled to offer additional evidence before a Court or jury. It is not requisite that the evidence before the Commission should be legally sufficient to support the issues. It is sufficient if there is enough evidence to bring the question to the attention of the Commission, so that it can be passed upon." In *Baltimore & Ohio Railroad Co. v. Zapf,* 192 Md. 403, 412-413, 64 A. 2d 139, 143, 6 A. L. R. 2d 400, we said: "Although the award was originally made for partial disability under the 'Other Cases' section of the Code, the appellee in his claim for compensation before the Commission claimed total disability and that issue was presented to the Commission". We affirmed an order entered upon a jury's finding of permanent total disability.

In the instant case, the appellant concedes in her brief that "if there had been no issue as to the permanent disability of the appellant in this case, the ruling of the *Egebert case, supra,* would be controlling, that the lower court would be correct in its findings." In short, it seems to be conceded that the trial court was correct in finding that there was substantial evidence before the Commission to support its finding of no disability. The appellant contends, however, that there was an issue of permanent total disability before the Commission, that may be submitted to a jury on appeal.

The issue as to the "extent of permanent disability", before the Commission, on its face was broad enough to include total disability and the letter to the Commission raising that issue stated that she was "unable to work". She testified before the Commission that she suffered a further injury to her back while at work on March 1, 1946, and had been unable to work since that time, although it was brought out that she did not report the accident, but claimed health insurance through the Company. It was also brought out that she resigned her position, giving as one reason that she had to stay home to look after her children. Dr. Murray testified for the claimant that he operated on her for appendicitis, adhesions and a severe condition throughout the pelvis

in January, 1947, from which she made a good recovery. He testified that she had a back condition, unrelated to the condition for which he operated, that caused pain with some rigidity of the muscles and tenderness, and was attributable to the first accident, aggravated by the second. She wore a brace constantly that had been supplied by the Company. He testified that without a back support, she would be totally disabled "as to working for wages." With the support, she would be able to do "work of some kind if she didn't have to push." Dr. Wilson, for the Company, testified that he examined the claimant on March 29, 1947, and that she complained of her back and told him of the second accident. Her record indicated numerous layoffs ascribed to other causes. When asked if she could work for wages he said: "From what I found on examination, I would think she could; from what she said, I would think she couldn't." Although the court, in the first trial, rejected an issue of total disability at the close of the testimony taken in open court, one of the reasons assigned was that the question was open under the first granted issue, and the jury found total disability, although this was set aside by the court on motion for new trial.

Under the circumstances, it seems clear that the question of permanent total disability was substantially raised before the Commission and considered by it. We think the Court erred in affirming the order of the Commission without a trial on that issue. We cannot consider the legal sufficiency of the evidence before the Commission, or the legal effect of the testimony that the claimant's disability, if any, is corrected or ameliorated by the wearing of a back support. We cannot anticipate what evidence may be presented in a new trial. When the evidence is presented, it will be the duty of the trial court, upon proper motion for directed verdict or for judgment *n.o.v.*, to pass upon the legal sufficiency of the evidence to support the issue.

> *Order reversed and case remanded with costs.*