SMITH *v.* REVERE COPPER AND BRASS, INC.
[No. 1, October Term, 1950.]

162 

 

 

 

 

 

 

*Decided November 1, 1950.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Paul Berman*, with whom was *Sigmund Levin, Theodore B. Berman* and *Hyman I. Cohen* on the brief, for the appellant.

*Paul M. Higinbothom* and *Paul R. Kach* for the appellee.

MARKELL, J., delivered the opinion of the Court.

This is an appeal by claimant from a judgment, entered January 9, 1950, affirming a decision, dated September 18, 1945, of the State Industrial Accident Commission. Claimant was injured on November 19, 1944; his injuries consisted of severe burns. He was awarded compensation for temporary total disability. By the later order of September 18, 1945 the Commission found that his temporary total disability terminated on May 6, 1945; that he "sustained a permanent partial disability resulting in disfigurement and mutilation to his abdomen, chest, both groins, right arm and wrist, and

genitalia", for which the Commission awarded compensation for the period of forty weeks; and that "there is no other permanent disability". Claimant accepted and has collected the award for disfigurement, but appealed and, in the lower court and here, claimed partial loss of use of his right arm. The lower court dismissed all proposed issues regarding this claim.

We are not called upon, and are not in a position, to fix or apportion responsibility for the delay in the disposition of this case in the lower court. It may be noted that our decision on the present claim is controlled by our opinions in cases decided while this case was pending in the lower court.

Employer contends that the judgment should be affirmed or the appeal to this court dismissed, because (a) no question regarding loss of use of the arm was submitted to or passed upon by the Commission, *Benoni v. Bethlehem-Fairfield Shipyard*, 188 Md. 306, 52 A. 2d 613; (b) claimant cannot be compensated both for disfigurement of the arm and for partial loss of use of it, *Bethlehem-Sparrows Point Shipyard v. Damasiewicz*, 187 Md. 474, 50 A. 2d 799; *Southern States Marketing Cooperative v. Lippa*, 193 Md. 385, 67 A. 2d 244; (c) claimant after accepting the award in his favor cannot appeal from it, (*Bethlehem Steel Co. v. Mayo*, 168 Md. 410, 177 A. 910); and (d) claimant waived or lost his appeal from the commission, while it was pending, by (i) asking the Commission to reopen the case (which the Commission refused to do) and (ii) asking a stay of proceedings in the lower court (which was not granted).

At the hearing before the Commission on September 11, 1945 claimant testified that since May 6, 1945, he had been back to work, doing his regular work, but had lost approximately one-third of his time, as a result of his injuries; "* * * I haven't full movement of my arm. I can't raise it to the full extent * * *"; he is not able to do the work he formerly did, because of "the fact that I can't lift the way I used to and can't climb and my

work has always been of a strenuous nature"; when he raises his right arm, it pains him; he can raise it about half way. The employer's physician testified, on cross-examination, that he could raise it "about half the normal distance, when he begins to complain of pain in the pectoral muscles."

We think this was enough evidence to bring the question of loss of use of the arm to the attention of the Commission. In *Jackson v. Bethlehem-Sparrows Point Shipyard*, 189 Md. 583, 590, 56 A. 2d 702, 705, we said, "The Commission made no specific eye award, and found he had no permanent disabilities other than those mentioned, which did not include his eyes. We think appellant was entitled to have the issues referring to his eyes submitted to a jury. The testimony given before the Commission might be insufficient to justify an award, but he is entitled to offer additional evidence before a Court or a jury. It is not requisite that the evidence before the Commission should be legally sufficient to support the issues. It is sufficient if there is enough evidence to bring the question to the attention of the Commission, so that it can be passed upon". See also *Bonner v. Celanese Corporation*, 195 Md. 9, 14, 72 A. 2d 686, 688. If we were passing upon the legal sufficiency of the evidence, the evidence above mentioned might or might not be supported or qualified by other evidence which we have not mentioned.

Claimant cannot be compensated both for disfigurement of the arm and for loss of use of it. *Bethlehem-Sparrows Point Shipyard v. Damasiewicz, supra; Southern States Marketing Cooperative v. Lippa, supra.* As a corollary to the cases cited, we think he may have the loss of use, if any, determined and is entitled to compensation for either disfigurement or loss of use, whichever compensation would be greater. If he should be entitled to more than forty weeks' compensation for loss of use, the compensation already received for disfigurement would be credited against the total for loss of use.

Claimant only, and not employer, appealed from the Commission's decision. The amount of compensation for disfigurement is not a question of fact to be submitted to the jury. *Bethlehem-Sparrows Point Shipyard v. Damasiewicz, supra,* 187 Md. at page 483, 50 A. 2d at page 804. It is determined in the discretion (quasi-judicial, not arbitrary) of the Commission. This court has not decided—and does not now decide—whether a disfigurement of a part of the body which is not ordinarily exposed to view can ever be compensable. Id., 187 Md. at page 482, 50 A. 2d at page 804. If the Commission's award for disfigurement were reviewed, on appeal or otherwise, it might possibly be held that, in law or in fact, the disfigurement is not compensable. *Cf. Manning v. Gossett Mills,* 192 S. C. 262, 6 S. E. 2d 256; *Stone v. Ware Shoals Mfg. Co.,* 192 S. C. 459, 7 S. E. 2d 226; *contra, Baxter v. W. H. Arthur Co.,* 216 N. C. 276, 4 S. E. 2d 621.

In *Bethlehem Steel Co. v. Mayo,* 168 Md. 410, 413, 177 A. 910, it was held that the general rule, that one cannot accept the benefits accruing to him from a judgment or order and at the same time attack its validity by appealing from it, does not apply where the right to the benefit received is conceded by the opposite party, or where he would be entitled thereto in any event. It was accordingly held that an appeal by the claimant from an award of fifty per cent disability, to establish a claim for one hundred per cent, was not barred by acceptance, pending appeal, of the compensation awarded. In the instant case, in the absence of appeal by employer, claimant's right to the award for disfigurement is not disputed. Acceptance of that award, therefore, did not bar, claimant's appeal as to loss of use of the arm— though the amount of that award must be credited against any larger award for loss of use. Acceptance of the award for disfigurement does, however, bar any review of that award, because on such review disfigurement might be held not to be compensable at all. We must, therefore, reject claimant's contention that the

Commission might make a new award for disfigurement (not including disfigurement to the arm) in addition to any award for loss of use. Application, to this extent, of the general rule mentioned (but held inapplicable) in *Bethlehem Steel Co. v. Mayo, supra,* seems to be in accord with the weight of authority in other jurisdictions, though the cases depend upon the applicable statutes, and some courts hold or intimate that in workmen's compensation cases this rule is applicable to a more limited extent or not at all. *Shaffer v. Great American Indemnity Co.,* 5 Cir., 147 F. 2d 981; *Texas Employer's Insurance Association v. Adcock,* 125 Tex. 484, 485, 83 S. W. 2d 310; *Barnes v. State Industrial Accident Commission,* 112 Or. 41, 228 P. 684; *Claim of Graves,* 112 Or. 143, 223 P. 248; *Cory v. Askew,* 169 La. 479, 480, 125 So. 455; *Otter v. Department of Labor,* 11 Wash. 2d 51, 55, 118 P. 2d 413; *McShan v. Heaberlin,* 105 W. Va. 447, 452, 143 S. E. 109; *contra, Sanders v. Rock Island Coal Mining Co. et al.,* 138 Okl. 45, 47, 280 P. 290.

If we assume, without deciding, that a claim cannot be prosecuted before the Commission and at the same time before the court on appeal, and that claimant would have been estopped or otherwise barred from prosecuting his then pending appeal, if the Commission had reopened the case or the court had granted a stay of proceedings for that purpose, this assumption does not touch this case. Claimant's applications to these ends accomplished nothing—and did not bar his pending appeal.

*Judgment reversed, with costs, and case
remanded.*