COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Frank and Felton
Argued at Chesapeake, Virginia


VERNON LEE PRUDEN

                                                            OPINION BY
v.       Record No. 1803-04-1                    JUDGE WALTER S. FELTON, JR.
                                                            MAY 10, 2005

PLASSER AMERICAN CORPORATION AND
 TWIN CITY FIRE INSURANCE COMPANY


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Karen M. Rye (Law Office of Karen M. Rye, on brief), for
               appellant.

               S. Vernon Priddy III (Sands Anderson Marks and Miller, on brief),
               for appellees.


       Appellant Vernon Lee Pruden (claimant) appeals the decision of the Workers'

Compensation Commission reducing his award for disability compensation for the permanent

partial loss of use of his right arm by the amount of disability compensation previously awarded

for scarring disfigurement involving the same anatomical area, pursuant to Code § 65.2-503.  He

contends that the doctrine of *res judicata* precluded the commission from reviewing and, in

effect, modifying its prior award for scarring disfigurement to his right upper body and back to

include scarring of his right shoulder and arm area.  Claimant also argues that the commission

erred in finding that the previous award for disfigurement was to the same anatomical area for

which the subsequent award for partial loss of use of his right arm was granted.  For the reasons

that follow, we affirm the commission's reduction of claimant's award for disability

compensation benefits for the permanent partial use of his right arm by those previously awarded

for the disfigurement.

BACKGROUND

On appeal, we view the evidence before the commission in the light most favorable to the prevailing party, here the employer. Tomes v. James City (County of) Fire, 39 Va. App. 424, 429, 573 S.E.2d 312, 315 (2002). So viewed, the evidence shows that claimant sustained second-degree burns to "his right upper arm and back," when his shirt caught on fire while he was welding at work. The Emergency Treatment Report from Chesapeake General Hospital reflects that claimant sustained "a 24 x 26 cm area of first and second degree burns to the right scapular axillary region," with a final diagnosis of "[a]cute second degree burn right back/arm measuring 24 x 26 centimeters."

Claimant was awarded temporary total disability benefits from October 16, 2001 to January 2, 2002, and again from July 18, 2002 until November 3, 2002. Medical benefits were awarded for as long as necessary. On April 29, 2003, claimant filed a claim for a permanent disfigurement rating pursuant to Code § 65.2-503(B)(16). The claims examiner for the commission determined, after "carefully examining photographs submitted" by the claimant and after "considering the affected area, and the nature and extent of scarring, that the employee has sustained a 35% rating to the right upper body and back which provides for compensation covering 21 weeks." The parties accepted this rating, and employer paid accordingly.

Three months later, claimant filed the current claim seeking an additional award for permanent partial disability for the 25% impairment of his right arm. His treating physician, Dr. Glenn R. Carwell, a plastic and reconstructive surgeon, examined claimant and provided a letter opinion detailing claimant's injuries, disabilities and disfigurement. His report stated that claimant sustained a mixed partial and full-thickness burn of his back, chest and right axilla[1] at

---

[1] The axilla, or armpit, is "the cavity beneath the junction of the arm or anterior appendage and shoulder or pectoral girdle . . . ." Webster's Third New International Dictionary 153 (2002). It is also defined "as the pyramidal region between the upper thoracic wall and the

the time of his injury. Dr. Carwell reported that claimant's injuries, and extensive scarring related to those injuries, required surgical reconstruction to improve his right shoulder range of motion. Dr. Carwell assigned a 25% permanent partial disability rating for the impairment to claimant's right arm. In a subsequent letter opinion dated June 9, 2003, Dr. Cardwell wrote to claimant's counsel that in his earlier opinion he was "addressing range of motion and functional deficits in [claimant's] upper extremity. The scarring is, of course, a component of this disability."

A deputy commissioner held claimant was entitled to an award for permanent partial loss of use of his right arm, but reduced the award pursuant to Code § 65.2-503(B)(16) because of the prior disfigurement award based on the same injury. He found that claimant was entitled to an additional award of twenty-nine weeks of compensation benefits, after deducting the twenty-one weeks previously awarded for the disfigurement. Without the deduction for the prior award, claimant would have been entitled to fifty weeks of compensation benefits for permanent partial loss of use of his right arm.

A divided commission affirmed the deputy commissioner's decision. The majority held that "[i]t is now well settled that an employee is not entitled to benefits for disfigurement and for loss of use where the disfiguring condition contributes to the loss of use." It found "[t]he medical evidence, specifically Dr. Carwell's reports, establishes [that] the claimant's disfigurement rating was not just for scarring to the back but also was for scarring to his arm." Additionally, it found that the photographs "submitted by the claimant . . . also show the disfigurement award was in part for scarring to the arm." Commissioner Diamond dissented, stating that the reduction of the loss of use of right arm award "by the entire prior disfigurement

---

arm, its base formed by the skin and apex bounded by the approximation of the clavicle [collar bone], coracoid process, and the first rib . . . ." Dorland's Illustrated Medical Dictionary 179 (29th ed. 2000).

award" was not justified as the "medical evidence and photograph render it quite clear that a substantial part of the disfiguring scar is on the claimant's back and is nowhere near his arm." Claimant appealed.

ANALYSIS

I.

On appeal, claimant contends the commission erred in reducing his permanent partial disability award for loss of use of his right arm by the amount of his initial disfigurement award. He asserts that the principles of *res judicata*[2] precluded the commission from reviewing and, in effect, modifying its prior disfigurement award, based on scarring disfigurement to his right upper body and back, to include scarring to his right shoulder and arm area. The commission rejected his *res judicata* argument.

"The doctrine of *res judicata* is applicable to decisions of deputy commissioners and the full commission. . . . [and] 'precludes the re-litigation of a claim or issue once a final determination on the merits has been reached.'" Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 128, 510 S.E.2d 255, 259 (1999) (*en banc*) (quoting Gottlieb v. Gottlieb, 19 Va. App. 77, 81, 448 S.E.2d 666, 669 (1994)). Absent fraud or mistake, "the decisions of the Commission or its deputy commissioners from which no party seeks timely review are binding upon the Commission." K & L Trucking Co. v. Thurber, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985). The determination of *res judicata* is a question of law and is reviewed *de novo*. Rusty's Welding Service, 29 Va. App. at 127-28, 510 S.E.2d at 259. As claimant is the party invoking the doctrine of *res judicata*, he bears the burden of proving the deputy commissioner rendered a final judgment in his favor as to issues asserted. Id. at 128, 510 S.E.2d at 259.

_____

[2] *Res judicata*, literally "a thing adjudicated," is defined as "[a]n issue that has been definitely settled by a judicial decision." Black's Law Dictionary 1336-37 (8th ed. 2004).

We agree with claimant that the commission's earlier award for disfigurement, not appealed to the full commission, and not having been obtained by fraud, mistake or imposition, was final and not subject to reconsideration. Because the disfigurement award had become final, claimant argues that reduction of his loss of use award by the amount of the disfigurement award, in effect, amounts to a modification of an award that had become final. We disagree. While the prior award to claimant was for scarring disfigurement, the records of that proceeding before the deputy commissioner, and in particular the reports of the treating surgeon, demonstrate that the disfigurement award included claimant's right shoulder area and axilla.

Here, the commission did not seek to review, modify or re-litigate the prior disfigurement award, but left the disfigurement award undisturbed. The commission simply reduced the permanent partial disability award for claimant's loss of use of his right arm by the amount of the prior disfigurement award consistent with Code § 65.2-503(B)(16).

II.

Claimant also contends that the commission erred in reducing his award for partial loss of use of his right arm. He contends that it erred in determining that the scarring to his "upper body and back," that formed the basis of his disfigurement award, also caused the loss of use of his "upper extremity/arm." In short, claimant argues that the disfigurement award was to a different anatomical part of his body, and therefore not properly the basis for reducing the award for the partial loss of use of his right arm. Whether the disfigurement award was for a different anatomical part of the claimant's body, not related to the partial loss of use of his right arm, is a factual determination.

On appeal, we are bound by the commission's factual findings where those findings are supported by credible evidence in the record. Tomes, 39 Va. App. at 430, 573 S.E.2d at 315 (citing Code § 65.2-706(A)). "In determining whether credible evidence exists, the appellate

court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." <u>Wagner Enterprises, Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (citation omitted).

Code § 65.2-503 provides in pertinent part:

> A.  Compensation for permanent partial and permanent total loss and disfigurement shall be awarded as provided in this section.
>
> B.  The following losses shall be compensated for the period specified at the rate of 66 2/3 percent of the average weekly wage as defined in § 65.2-101:
>
> 11.  Arm . . . .
>
> 16.  Severely marked disfigurement of the body *not resulting from an injury otherwise compensated by this section*.

(Emphasis added).

The parties do not contest that claimant suffered a serious burn injury while at work and that, as a result of that injury and necessary surgery, he has disfigurement from scarring, for which he received compensation benefits under Code § 65.2-503(B)(16). Moreover, they do not dispute that, as a result of his burn injury and corrective surgery, he has permanent partial loss of use of his right arm, and that he is entitled to an award for that loss. The dispute on appeal is whether the commission erred in reducing claimant's award for partial loss of use of his right arm by compensation benefits he previously received for the disfigurement award.

The record reflects that the commission based its disfigurement award, as did the deputy commissioner, on Dr. Carwell's medical reports, and on examination of the photographs of the scarred area. Dr. Carwell noted in his medical reports that claimant's injuries "required skin grafting and subsequent flap reconstruction to improve his shoulder range of motion." He stated that the "loss in strength [in claimant's right arm] has been consistent for the last six months and I think is a permanent deficit due to his injuries and the required reconstructive surgery with extensive scarring." He later added, "I think that my original letter and report was quite clear

- 6 -

that I was addressing range of motion and functional deficits in his upper extremity. The scarring is, of course, a component of this disability." The commission affirmed the deputy commissioner's decision to reduce the award of loss of use, stating that

> [I]nspection of the photographs giving rise to the disfigurement award indicate that the disfigurement award was base[d] upon scarring to the claimant's chest, back, and arm. The scarring on the claimant's chest and back are in areas contiguous to the claimant's arm. It appears movement of the claimant's arm would impose stresses on the scarred skin, and that the scarring would affect the motion of the arm. This conclusion appears consistent with Dr. Carwell's opinions.

From Dr. Carwell's medical reports, and the photographs of the disfigured area, the commission could reasonably conclude as a matter of fact that claimant's disfigurement award included the scarring of his right arm, back and axilla area, and that claimant's loss of use of his right arm resulted from the initial scarring and reconstructive surgery. We have noted that "[t]he actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

We conclude that the record before us contains credible evidence to support the commission's finding that claimant's loss of use of his right arm was a result of the extensive scarring to his right upper back, shoulder and axilla area, and of the subsequent corrective surgery to that area.

III.

This Court has not previously considered whether the reduction of an award of compensation benefits for the permanent partial loss of use of a limb, under Code § 65.2-503(B)(11), by the amount of a prior award, under Code § 65.2-503(B)(16), for disfigurement involving the same body part, is permitted. A finding by the commission that an award, otherwise appropriate under Code § 65.2-503(B)(11), should be reduced by a prior award

for disfigurement under Code § 65.2-503(B)(16) is a question of law not binding on appeal. See

Thomas Refuse Serv. v. Flood, 30 Va. App. 17, 20, 515 S.E.2d 315, 317 (1999).

In determining whether the commission erred in its application of Code

§ 65.2-503(B)(16) to reduce claimant's award for permanent partial loss of use of his right arm,

we are guided by rules of statutory construction.

> "It is a well established rule of construction that a statute ought to
> be interpreted in such a manner that it may have effect, and not
> found to be vain and elusive. Every interpretation that leads to an
> absurdity ought to be rejected. It is our duty to give effect to the
> wording of the statute, and allow the legislative intention to be
> followed."

Barnett v. D.L. Bromwell, 6 Va. App. 30, 34, 366 S.E.2d 271, 273 (1988) (quoting McFadden v.

McNorton, 193 Va. 455, 461, 69 S.E.2d 445, 449 (1952)). Moreover, "[w]hen the language in a

statute is clear and unambiguous, we are bound by the plain meaning of that language." Ratliff

v. Carter Machinery Co., Inc., 39 Va. App. 586, 590, 575 S.E.2d 571, 573 (2003).

Clearly, the General Assembly, in enacting Code § 65.2-503(B)(16) intended that a

claimant should be compensated for severely marked disfigurement.[3] However, nothing in the

Act suggests a claimant may be twice compensated for the same injury, once for disfigurement

and once for permanent functional impairment. If the commission had first approved a

permanent partial loss of use award for claimant's right arm impairment, it would not then, under

---

[3] Disfigurement awards, which are expressly authorized in most states, are closely related to scheduled loss of use or anatomical loss awards. The thirty-nine states that expressly recognize disfigurement awards are: Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Minnesota, Mississippi, Missouri, Montana, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Wisconsin, and Wyoming; also Longshoremen's and Harbor Workers' Compensation Act, Federal Employees' Compensation Act, District of Columbia, Virgin Islands, and Puerto Rico. Larson's Workers' Compensation Law § 88.01 (2004).

the plain language of the statute, be able to award full compensation benefits for severely marked disfigurement of that anatomical area otherwise compensated. Code § 65.2-503(B).

We conclude that, under the plain language of Code § 65.2-503(B)(16), the prohibition against a dual award for permanent loss of use, or anatomical loss, of a scheduled body part also applies where the award for disfigurement has previously been awarded for the same anatomical area. A claimant, however, may obtain an award for permanent loss of use, or anatomical use, of a scheduled body part where it is not part of the same anatomical area subject to the disfigurement claim, and vice-versa. In other words, where an injured worker sustains disfigurement to a different anatomical area other than that for which the permanent loss of use had been awarded, the employee is entitled to compensation for both the functional disability and the disfigurement. However, if compensation is awarded for disfigurement of the same anatomical area where the disfiguring scarring itself contributes to the permanent functional impairment or loss of use, the disfigurement is part of the functional disability, and the latter award must be reduced by the former.

Here, the record reflects that pursuant to Code § 65.2-503(B)(16), the commission awarded claimant compensation benefits for the severely marked disfigurement claimant sustained to his right upper back and arm, and to his right axilla area. However, the commission found as a fact that the severely marked disfigurement was part of the same anatomical area for which claimant then sought to recover additional compensation for permanent loss of use. Accordingly, when the commission granted the additional award for permanent partial loss of use of his right arm, it determined, from the photographs of the injury site and the treating physician's medical reports, that the functional disability of the his right arm was a result of the scarring which was the basis of the prior award.

Although, as previously noted, this Court has not heretofore addressed the issue of awarding both permanent partial disability and disfigurement awards for the same injury, the commission has previously noted that an employee is not entitled to *both* an award for disfigurement under Code § 65.2-503(B)(16), *and* an award for a loss of functional use of the same member under Code § 65.2-503. See Wendell v. Federal Mogul Corporation, 68 O.I.C. 153, 68 Va. WC 153 (1989); Smith v. Lynchburg Foundry, 67 O.I.C. 152, 67 Va. WC 152 (1988). We have consistently held that "the commission's construction of the Workers' Compensation Act is entitled to great weight on appeal." Thomas Refuse Service v. Flood, 30 Va. App. 17, 20, 515 S.E.2d 315, 317 (1999); Wiggins v. Fairfax Park Ltd., 22 Va. App. 432, 441, 470 S.E.2d 591, 596 (1996).[4]

Courts in other states, which expressly bar a claimant receiving scheduled loss of use benefits from also receiving any other benefits for the same injury, have addressed this issue in the context of their statutes. However, "largely due to differences in wording of the disfigurement statutes, there is a division of opinion on whether an award can be made for both loss of a member and statutory disfigurement resulting from the same loss." Larson's, § 88.02 (2004). For example, courts have held that a claimant is not entitled to both a scheduled loss of use award and disfigurement award when both arise out of the same injury. See Smith v. Revere Copper & Brass, Inc., 76 A.2d 147, 149 (Md. 1950) (holding employee "cannot be compensated both for disfigurement of the arm and for loss of use of it," but is entitled to whichever is the greater compensation). See also Wargo v. Industrial Com., 198 N.E.2d 853, 854 (Ill. 1964)

---

[4] We are "mindful that, '[w]hile the provisions of the Virginia [Workers' Compensation] Act are to be liberally construed to see that [the Act's] benefits are awarded to injured employees, that principle [neither] authorize[s] the courts to amend, alter or extend its provisions, nor . . . require[s] that every claim asserted be allowed.'" Tomes, 39 Va. App. at 430, 573 S.E.2d at 315 (quoting Bowden v. Newport News Shipbuilding & Dry Dock Co., 11 Va. App. 683, 688, 401 S.E.2d 884, 887 (1991)).

(holding "the commission has no power to award compensation for disfigurement of a member and also for the loss of use of such member"); Int'l Coal & Mining Co. v. Indus. Com., 127 N.E. 703, 706 (Ill. 1920) (holding that "[t]he commission has no power to award compensation for disfigurement of a member and also for the loss of use of such member"); Custer v. Fougerhousse, 112 N.E.2d 584, 586 (Ind. Ct. App. 1953) (affirming scheduled award for "impairment of 40% to the man as a whole," but reversed disfigurement award under the Indiana statute prohibiting additional payment for disfigurement "where compensation is payable elsewhere in [this statutory] section"); Mouton v. Habetz, 215 So. 2d 363, 366 (La. Ct. App. 1968) (holding employee receiving permanent total disability benefits is not entitled to award for permanent disfigurement, since the disfigurement provision was only applicable where other permanent disability payment could not be made); Allen v. E. S. Adkins & Co., 254 A.2d 349, 351 (Md. 1969) (holding compensation for disfigurement caused by the drooping eyelid not recoverable, since it was the result of an injury for which compensation had been provided); G & G Steel Erectors, Inc. v. Gutierrez, 683 P.2d 543, 546 (Okla. Ct. App. 1984) (reaffirming the rule that disfigurement benefits cannot be awarded in conjunction with a scheduled award for loss of the same body part, but permitting a disfigurement award for surgical scarring from electrical accident resulting in the employee's loss of eyesight).

Consistent with the holdings of other states in similar cases, we find the decisions of the Virginia Workers' Compensation Commission interpreting Code § 65.2-593(B)(16) to prohibit an award for compensation for both disfigurement and loss of use, or anatomical loss, of the same body part, while not controlling, to be persuasive.

Because the record contains credible evidence to support the commission's factual finding that claimant's loss of use of his right arm was a result of scarring from his initial injury and subsequent reconstructive surgery to his back and upper body, including his right axilla and

- 11 -

part of his right arm, we conclude that the commission properly reduced claimant's permanent partial disability award by the disfigurement award in accordance with Code § 65.2-503(B)(16). See Smith, 76 A.2d at 149 (holding an employee "is entitled to compensation for either disfigurement or loss of use, whichever compensation would be greater," and where the award for loss of use was greater, then "the compensation already received for disfigurement would be credited against the total for loss of use").

IV.

For the above reasons, we conclude that the commission did not err when it reduced its award for claimant's loss of use of his right arm by claimant's previous disfigurement award. Accordingly, we affirm the award of the commission.

Affirmed.