COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Humphreys, Chafin and Senior Judge Clements
Argued at Richmond, Virginia


MARK STADLER

                                                         MEMORANDUM OPINION[*] BY
v.        Record No. 1920-15-2                       JUDGE ROBERT J. HUMPHREYS
                                                              APRIL 26, 2016
THYSSENKRUPP ELEVATOR CORPORATION AND
  INDEMNITY INSURANCE COMPANY
  OF N. AMERICA


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             Louis D. Snesil (Marks & Harrison, P.C., on brief), for appellant.

             Roberta A. Perko (Christopher M. Kite; Lucas & Kite, PLC, on
             brief), for appellees.


        Mark Stadler ("Stadler") appeals the decision of the Virginia Workers' Compensation

Commission (the "Commission") denying his claim for medical benefits and temporary total

disability benefits for a right shoulder injury resulting from two falls on July 22, 2014.  Stadler

argues that the Commission erred in determining he failed to carry his burden of proof that his

right shoulder condition was causally related to the two falls and in disregarding the credibility

determination of the deputy commissioner of his own testimony.

        Stadler first asserts that the Commission erred in determining he failed to prove that his

shoulder injury was causally related to the accident on July 22, 2014.  It is well settled under

Virginia law that the claimant bears the burden of establishing, by a preponderance of the

evidence, that he sustained a compensable injury.  Woody v. Mark Winkler Mgmt., Inc., 1

Va. App. 147, 150, 336 S.E.2d 518, 520 (1985).  In order to prove that a claimant suffered a

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

compensable injury by accident, the claimant must prove, "(1) an identifiable incident; (2) that occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and the bodily change." Chesterfield Cnty. v. Dunn, 9 Va. App. 475, 476, 389 S.E.2d 180, 181 (1990). On appeal from the Commission, "we review the evidence in the light most favorable to the prevailing party." R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). The Commission's determination of causation is a factual finding that will not be disturbed on appeal if supported by credible evidence. Corning, Inc. v. Testerman, 25 Va. App. 332, 339, 488 S.E.2d 642, 645 (1997). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Pruden v. Plasser American Corp., 45 Va. App. 566, 574-75, 612 S.E.2d 738, 742 (2005). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

In this case, there is ample evidence in the record to support the Commission's factual finding that Stadler failed to meet his burden to establish that his right shoulder injury was causally related to one or both of his falls on July 22, 2014. When Stadler returned to the office after his falls on the job site, he told his supervisor that he had fallen twice on his right shoulder, that it was "sore," and that it "hurt," but declined to seek medical care because he believed the injury would resolve itself. Stadler continued to work for the next week and a half to two weeks after his falls before leaving on a scheduled vacation.

Stadler did not seek medical attention for his shoulder until September 8, 2014, when Dr. Nordt noted he was treating Stadler for "ongoing right shoulder pain" in addition to a knee injury Stadler sustained while on vacation two weeks after his falls. On September 23, 2014,

Dr. Nordt completed his portion of a National Elevator Industry Health Benefit Plan form, indicating that Stadler's disability was not "in any way related to" his "employment." Stadler followed up with Dr. Nordt on October 8, 2014. The office note indicates that Stadler "made it clear that this is a work-related injury that happened about July 23rd." Stadler reported injuring his shoulder twice on that day, but the note does not describe how the injury occurred, nor does it contain any medical opinion linking the shoulder injury to an accident at work. The pre-operatory note from October 28, 2014 specifically states that Stadler's shoulder surgery was not "Work Comp" related. Thus, the Commission did not err in finding that the medical evidence did not establish any causal link between Stadler's accident on July 22, 2014 and the injury to his right shoulder he was subsequently treated for.

Stadler's second assignment of error claims that the Commission erred by "disregarding the credibility determination of the [d]eputy and the testimony of Stadler." Specifically, Stadler argues that because the deputy commissioner found Stadler's testimony to be "credible in all facets," the Commission erred in disregarding his testimony where the medical evidence was not conclusive as to the causation of his injury. We agree that the causal link may be established through the testimony of the claimant, particularly in cases where the medical testimony is inconclusive. See Dollar Gen. Store v. Cridlin, 22 Va. App. 171, 176, 468 S.E.2d 152, 154 (1996). Here, however, the medical causation was not inconclusive, as the medical evidence consistently reported that the injury was not related to Stadler's two falls on July 22, 2014.

Further, the Commission clearly considered claimant's testimony in reaching its decision. In its opinion, the Commission noted that it "fully agree[d] that the claimant's testimony was credible" and it did "not dispute that the claimant fell twice while at work on July 22, 2014." It is noteworthy that Stadler's testimony described his falls and his shoulder injury, but never explicitly stated that his injury was *caused* by the falls. After considering all of the evidence, the

Commission simply did not find Stadler's testimony to be persuasive in light of the clear medical causation opinion of Dr. Nordt provided on the National Elevator Industry Health Benefit Plan form on September 23, 2014 and on the pre-operatory note from October 28, 2014. To find in Stadler's favor would require us to reweigh the evidence, which we will not do.

Therefore, we conclude that the Commission's factual finding that Stadler failed to meet his burden to establish that his right shoulder injury was caused by his falls on July 22, 2014 was supported by credible evidence in the record. Accordingly, we affirm the decision of the Commission.

<u>Affirmed.</u>